COLEY *v.* ENGLISH.

5-2702                                    357 S. W. 2d 529

Opinion delivered May 28, 1962.

*George K. Cracraft, Jr.,* for appellant.

*David Solomon,* for appellee.

JIM JOHNSON, Associate Justice. This litigation arose out of a contract entered into on January 2, 1957, by Ann H. T. Coley to convey certain lands in Phillips County, Arkansas, to Leroy and Bessie King. The pertinent portion of the contract follows:

"It is further mutually agreed between the Parties, Seller and Purchasers, in the event the said Seller A. H. T. Coley, shall depart this life before the entire purchase price shall have been paid, as herein agreed, the contract shall continue in force provided all its conditions have been promptly met by the said Purchasers, and all subsequent payments, which would and should have been paid to A. H. T. Coley, Seller, had she lived, will be paid to her husband's nephew, Walter Lee Coley, who at the time of the making of this contract lives in Dayton, Ohio."

Some months later, on February 24, 1958, the contract was amended to extend the date and time of payments.

This contract was in full force and effect on June 14, 1960, when Ann H. T. Coley, the seller, died testate. Her last will and testament, dated July 21, 1956, was admitted to probate and was not contested; Walter L. Coley, the same person named in the contract between Ann H. T. Coley and the Kings, was appointed Executor.

The Kings, as purchasers, asked for and were granted specific performance of the contract. On March 27, 1961, the Probate Court directed Walter L. Coley, as Executor of the Estate of Ann H. T. Coley, to convey said lands to the Kings pursuant to the contract. A balance owing in the amount of $7,000 was paid into the registry of the Court for final disposition. On October 28, 1961, the court ordered this $7,000 balance paid to Walter L. Coley in his capacity as executor of the estate of Ann H. T. Coley, to be distributed to the residual legatees named under the Coley Will. From this order the same Walter L. Coley appeals in his capacity as an individual contending he is a third party beneficiary and claiming the $7,000 as a gift under the contract.

Attorneys for both sides present learned and well reasoned arguments on a complex question that is not made easier by the diversity of case law on the subject. Arkansas Law Review, Vol. 5, No. 1, p. 66.

For reversal, appellant contends that he is a third party beneficiary under the contract and argues forcefully that the benefit under the contract is not made testamentary by the fact that such benefit was postponed until the death of a party.

In Restatement, Contracts, § 133 (1932) we find third party beneficiary contracts divided into three classes: (1) He is a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance is to make a gift to, or confer a right of action upon, the beneficiary; (2) He is a creditor beneficiary if no purpose to make the beneficiary a donee appears

from the terms of the promise in view of all the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary; (3) He is an incidental beneficiary if the facts of neither (1) nor (2) exist.

In support of his contentions for reversal, appellant relies heavily upon the finding by this Court in *Freer* v. *J. G. Putnam Funeral Home, Inc.,* 195 Ark. 307, 111 S. W. 2d 463. We see a clear distinction between the *Freer* case and the case before us. In the case at bar, appellant is an incidental beneficiary to the contract. That is, the promisee, Ann H. T. Coley, owed no duty or legal obligation to appellant at the time the contract was made and no duty or legal obligation arose out of the contract upon the promisee's death; *Dickinson* v. *Mc-Coppin,* 121 Ark. 414, 181 S. W. 151; nor does appellant show he has changed his position to his detriment in reliance upon the contract. In the *Freer* case, as Judge Baker pointed out, there was an absolute duty upon the promisor to pay a debt of the promisee. This legal obligation supplied the necessary privity between the contracting parties and a stranger to the contract. See *West* v. *Norcross,* 190 Ark. 667 80 S. W. 2d 67.

In the case before us now, the promisee retained full control over the contract and, had she lived, she would have been the sole beneficiary or recipient of the full consideration due on the contract. At no point does appellant show an actual or constructive intent on the part of the promisee to relinquish such control of the contract as would cause a presumption that appellant was entitled to anything until the promisee's death. The terms of the contract clearly state that appellant was to receive nothing until the death of Ann H. T. Coley, and then only such amount (if any) as might be remaining due upon the contract. This provision of the contract clearly shows an intent on the part of Ann H. T. Coley to make a testamentary disposition of property contrary to the solemn requirements of a will. From the

clear language of the contract there is no inference of an intent on the part of Ann H. T. Coley to convey a present interest in the contract to appellant as would constitute a valid gift *inter vivos*. See *Baugh* v. *Howze*, 211 Ark. 222, 199 S. W. 2d 940.

Affirmed.