LEVINE, ADM'R *v.* NEWLANDER.

5-2852                                                      362 S. W. 2d 698

Opinion delivered December 17, 1962.

*Levine & Williams,* for appellant.

*Brockman & Brockman,* for appellee.

JIM JOHNSON, Associate Justice. The issues involved in this appeal are the construction of a clause in a deed and whether there was an effective gift.

On April 1, 1957, Mrs. Maggie J. Ksir executed a deed retaining a vendor's lien to secure the $21,000 unpaid balance of the purchase money, evidenced by a promissory note bearing 4% interest payable in monthly installments of $130 each, commencing May 1, 1957, and

continuing until the principal and interest were paid in full. The deed was duly recorded in Jefferson County. The grantees of the deed, John and Mary Ann Walker, were not related to the grantor or to the niece and nephew mentioned in the deed. In addition to the customary terms used in a deed and in addition to the retention of the vendor's lien, the following language was set forth:

"At the time of the death of the Grantor, if any portion of the balance of the purchase money note and interest remains unpaid, the Grantees are hereby authorized to make such payments of the balance of said unpaid purchase money note and interest to Joe Ksir, 3010 East Ballard Street, Roswell, New Mexico, and Ethel Newlander, 422 Carlisle Avenue, Albuquerque, New Mexico.

"The Grantor herein transfers said balance and interest to said nephew and niece above named, and they to receive said balance and to acknowledge satisfaction of the full payment when made and release said lien herein retained upon the records of Jefferson County, Arkansas; and they, Joe Ksir and Ethel Newlander, to become the owners of said balance, share and share alike; and in case of default, may foreclose on said lands for any balance due."

Joe Ksir and Ethel Newlander, appellees here, were the nephew and niece of the deceased husband of Mrs. Maggie Ksir. They were not apprised of Mrs. Ksir's action until after her death when they received a letter of notification from the personal representative of her estate. At Mrs. Ksir's death, there was a balance due on the purchase money note of $17,000. The personal representative refused to give the note to appellees, holding it to be an asset of the estate. Appellees filed a petition in the probate court seeking to require delivery of the note in accordance with the terms of the deed, together with the money collected by the administrator.

The administrator, appellant here, answered, contending that the alleged transfer or gift of the balance of the debt accruing after Mrs. Ksir's death was ineffectual and void, because (1) there was no contractual relation-

ship between the parties, nor were there present in the transaction any of the essential elements to constitute it an *inter vivos* gift; and (2) as a testamentary bequest, it was devoid of any of the formalities made prerequisite under our statutes relating to wills.

The Chancellor ruled that the alleged gift was an effective gift at the date of the deed, not a gift of a future interest contingent upon the death of Mrs. Ksir. He concluded his opinion by finding that: "It would be impossible to deliver in 1957 when a gift was made, the balance of the note due at the time of the death of the donor for there was no way of knowing when the donor's demise would occur. The language contained in the deed to one who is a stranger both to donor and donees shows convincingly and clearly that Maggie J. Ksir intended to make a gift to a nephew and niece named therein. The effect of this language was to constitute the grantees in the deed as the trustees of the donees for the purpose of making the gift effective."

For reversal, appellant relies upon two points: (1) the provisions in the deed did not constitute a valid *inter vivos* gift to appellees; and (2) the attempted gift was merely a void testamentary gesture lacking the formalities of a will.

The fact situation here is strikingly similar to *Coley v. English*, 235 Ark. 215, 357 S. W. 2d 529, decided a few weeks after the decree in the instant case. In the Coley case, Mrs. Ann H. T. Coley contracted to sell some real property in 1957. In the contract was the following provision:

"It is further mutually agreed between the Parties, Seller and Purchasers, in the event the said Seller, A. H. T. Coley, shall depart this life before the entire purchase price shall have been paid, as herein agreed, the contract shall continue in force provided all its conditions have been promptly met by the said Purchasers, and all subsequent payments, which would and should have been paid to A. H. T. Coley, Seller, had she lived, will be paid to her

husband's nephew, Walter Lee Coley, who at the time of the making of this contract, lives in Dayton, Ohio.''

This contract was in full force and effect in 1960 when Mrs. Coley died testate. Her will was admitted to probate and Walter L. Coley, the same person named in the contract above, was appointed executor. The purchasers asked for and were granted specific performance of the contract. The probate court directed Walter Coley, as executor, to convey the lands to the purchasers pursuant to the contract. The balance owing on the property, $7,000, was paid into the registry of the court. The court thereafter ordered the $7,000 paid to Walter Coley as executor, to be distributed to the residuary legatees named in Mrs. Coley's will. Walter Coley appealed from this order in his individual capacity, contending that he was a third party beneficiary and claiming the $7,000 as a gift under the contract.

This court has held that the conditions which must exist in order to constitute a valid *inter vivos* gift are: (1) the donor must be of sound mind; (2) must actually deliver the property to the donee; (3) donor must intend to pass title immediately, retaining no future control of the subject matter; and (4) the donee must accept the gift. *Tucker* v. *Peacock*, 216 Ark. 598, 227 S. W. 2d 929; *Carlson* v. *Carlson*, 224 Ark. 284, 273 S. W. 2d 542.

In the *Coley* case, this court held:

''In the case before us now, the promisee [Mrs. Coley] retained full control over the contract and, had she lived, she would have been the sole beneficiary or recipient of the full consideration due on the contract. At no point does appellant show an actual or constructive intent on the part of the promisee to relinquish such control of the contract as would cause a presumption that appellant was entitled to anything until the promisee's death. The terms of the contract clearly stated that appellant was to receive nothing until the death of Ann H. T. Coley, and then only such amount (if any) as might be remaining due on the contract. This provision of the contract clearly shows an intent on the part of Ann H. T. Coley to make a testamentary disposition of property

contrary to the solemn requirements of a will. From the clear language of the contract there is no inference of an intent on the part of Ann H. T. Coley to convey a present interest in the contract to appellant as would constitute a valid gift *inter vivos*. See *Baugh* v. *Howze,* 211 Ark. 222, 199 S. W. 2d 940.''

Despite the very able brief of counsel for appellees, and the Chancellor's fine opinion, we are unable to distinguish the case at bar from the *Coley* case, and we must, therefore, reverse.