George Rose Smith, Justice. The appellee is the estate of Julian Justice, who died on August 29, 1969. The appellant, Morris Justice, is the decedent’s son. The elder Justice, using his own money, opened a checking account in the First Jacksonville Bank, the account being entitled “Julian Justice or Morris Justice.” At Julian’s death there was $1,373.84 in the account. Julian also purchased from the bank a $6,-300 certificate of deposit, payable to Julian Justice or Morris Justice. Julian did not in either instance sign a card or other document referring to survivorship or otherwise clarifying the ownership of the checking account or of the certificate of deposit. After Julian’s death the bank paid the amount of the checking account and the amount of the certificate to Morris Justice. Ringgold, as administrator, brought this action to recover both amounts for the estate. Morris Justice appeals from a judgment sustaining the administrator’s claim to both sums. The judgment is correct. In Cook v. Bevill, 246 Ark. 805, 440 S.W. 2d 570 (1969), upon facts that cannot be distinguished from those in the case at bar, we discussed the controlling statutes at length and concluded that no survivorship interest was created where the decedent did not affix his signature to any instrument complying with the statutory requirement that the survivorship interest be designated in writing. That case governs this one. Affirmed.