Conley Byrd, Justice. Appellants Naomi Rolfe, Casanna Rolfe, M. C. Rolfe, Verna Rolfe, Odessa Rolfe, Armit Rolfe, James Rolfe, Virginia Rolfe and Ida Mae Rolfe, children of R. M. Rolfe, deceased, instituted this action against John French, Ed Bass and Paul Roberts to quiet title to thirty acres of wild and unimproved land described as “part of the Northwest Quarter (NWM) of the Southeast Quarter (SEM) of Section 30, Township 12 South, Range 31 West.” Appellants at that time based their claim of adverse possession upon a payment of taxes for more than seven years under color of title. Appellees, Piney Grove Cemetery by its trustees Cartrell L. Roberts, Andrew Watson and John French answered denying that R. M. Rolfe ever acquired color of title to the property. In the affirmative it was alleged that Piney Grove Cemetery acquired title to the property in 1917 by a deed from H. G. Sanderson and wife to Robert McClelan and L. T. Rolfe, Trustees for the Piney Grove Cemetery. The answer also alleged that the tax sale resulting in the Redemption Deed acquired by Mr. R. M. Rolfe in 1932 was illegal and void for several reasons and that the Redemption Deed was for the use and benefit of Piney Grove Cemetery. The answer concluded as follows: “Wherefore, Defendant, prays that the Tax Sale, and Redemption, aforementioned, in favor of R. M. Rolfe, be cancelled, set aside, declared void, of no effect, and the Complaint of the Plantiff’s be dismissed; that in event the court find that any taxes, penalties, costs, interest, and other expenses be due the Plaintiff or the proper parties, that they be permitted to pay the same into this court, and that the said lands be quieted and confirmed in the Defendant, Piney Grove Cemetery, as against the Plaintiffs, and all other just and proper relief to which the Defendant, Piney Grove Cemetery is entitled.” After appellants had presented their case, they requested and were granted a nonsuit. Appellees then continued with the presentation of their evidence over the objections of appellants. At the conclusion of the case the trial court appointed appellees, John French, Cartrell Roberts and Andrew Watson as trustees in succession and quieted the title to the whole forty acre tract in appellees as trustees for Piney Grove Cemetery. After making the appointment and the announcement that he was quieting the title in appellees, the court inquired if there was “anything else to be brought to the attention of the court?” Appellants at that time only stated that they “would like to save [their] exceptions. . . .” For reversal appellants contend: that the title of R. M. Rolfe and his heirs to the thirty acres should not have been canceled; that the action taken and relief awarded are not responsive to the pleadings; that the chancellor erred in permitting appellees to proceed after the granting of the nonsuit; and that the chancellor should have required appellees to repay taxes paid by R. M. Rolfe. The record shows that the entire forty acre tract was assessed for the years 1918 to 1922 in the name of R. M. Rolfe, trustee. In 1923 the tract was assessed in the name of R. M. Rolfe. In 1924 the lands were assessed in R. M. Rolfe trustee. In 1925, the lands were put on the assessment records to show “pt NW SE Section 30-12-31” containing 30 acres in the name of R. M. Rolfe and the “NW SE 10 acres” was exempted as being the Piney Grove Cemetery. In 1929 the thirty acre tract was sold to the State for delinquent taxes. In 1932 R. M. Rolfe acquired a redemption deed from the State Land Commissioner. From that time until his death in 1951 the taxes on the thirty acres were paid in the name of R. M. Rolfe. Appellants paid the taxes from 1952 until 1963, when appellees paid the taxes and caused the assessment rolls to show the whole forty acre tract as exempt from taxation. Appellants readily admitted that R. M. Rolfe was a trustee for the Saint John Baptist Church and that he acted as trustee for the Piney Grove Cemetery until his death in 1951. Several witnesses, all members of the R. M. Rolfe family stated that R. M. Rolfe always claimed the thirty acre tract as his own land. In describing it they placed the cemetery ten acres on one side of a road, described as the west 10 acres, and the thirty acres on the other side thereof. For the appellees, it was shown by witnesses, in their seventies and eighties, that the property was acquired in 1917, for the use and benefit of three churches in the area for burial grounds. It was established that the land had never been fenced and that no one had ever been charged for a burial lot — i.e., burial is not restricted to a membership in the churches. None of the witnesses had ever heard of R. M. Rolfe claiming to own the lands. Some of them mentioned that collections were made at the church from time to time for the purpose of paying the taxes and expenses in connection with the cemetery. One witness recalled that R. M. Rolfe at one time got permission to cut the timber from the thirty acre tract. It is undisputed that L. T. Rolfe, one of the named trustees in the deed lived, and apparently continued to act as trustee of the cemetery, until 1959. In 1963, the three churches got together and selected John French, Cartrell L. Roberts and Andrew Watson to serve as trustees in succession for the cemetery; Admittedly each of the churches as well as Piney Grove Cemetery is an unincorporated association. Appellants do not show that they are either members of the Piney Grove Cemetery Association or any of the churches involved. Therefore, we do not see how they are in a position to complain of the chancellor’s action in appointing trustees. In the trial appellants did not ask to be reimbursed for the taxes paid by them even though the trial court made inquiry as to whether there was anything else to be brought to his attention. Therefore, it appears to us that they have raised this issue for the first time on appeal and for that reason we find no merit in the contention now made. Like the trial court, we construe appellees’ pleading as asking for affirmative relief and consequently find the contention that the trial court erred in permitting appellees to proceed after appellants’ nonsuit to be without merit. In arguing that the trial court erred in cancelling R. M. Rolfe’s title to the thirty acres, appellants contend that not only did they have color of title but that they had paid taxes on wild and unimproved land for more than 15 years and that under Ark. Stat. Ann. § 37-103 (Repl. 1962), they had the lands by adverse possession. We find no merit in these contentions because R. M. Rolfe went into possession of the lands as a trustee. In Trusts and Trustees 2d ed., by Bogert § 951, it is pointed out that there can be no adverse holding by a trustee until he denudes himself of his trust and notifies the beneficiary of his treachery. See also, Boehnke v. Roenfanz, 246 Iowa 240, 67 NW 2d 585, 54 A.L.R. 2d 1, (1954), where the rule is stated: “It is elementary that as between the trustee and cestui que trust of an express trust, statutes of limitations have no application. Possession by the trustee of trust property is, in law, possession of the cestui que trust. As against an express and continuing trust, time does not run until repudiation or adverse possession by the trustee and knowledge or notice thereof to the cestui. “. . . The only way in which the trustee of an express or voluntary trust can set the statute of limitations in operation in his favor with respect to it or its properties in his hands is by a distinct act of repudiation amounting to a denial of its existence, and no mere tacit failure of the trustee to perform his duty in respect to such trust could or should be held to amount to a repudiation of it so as to set the statute of limitations in motion in his favor and as a result of his own neglect of duty.” Since R. M. Rolfe continued to act as trustee for the cemetery, the redemption deed and the payment of the taxes in his individual name, cannot be accepted as a repudiation of his trust. Appellants’ testimony to the effect that he claimed to them to own the thirty acres is not only self serving but is disputed by the witnesses for appellees. Thus in the absence of a showing of a repudiation of the trust, appellants are not in a position to claim adverse possession, through the payment of taxes by R. M. Rolfe. Of course, appellant’s payment of taxes after R. M. Rolfe’s death did not extend for the statutory period. Affirmed.