William Glen CARLTON, Administrator *v.* Barbara
Ann BAKER, BANK OF NORTHEAST ARKANSAS

CA 79-181 . 591 S.W. 2d 696

Opinion delivered December 19, 1979
Released for publication January 9, 1980

*Warren E. Dupwe*, for appellant.

*Seay & Bristow*, by: *Bill W. Bristow*, and *Parker, Henry & Walden*, for appellees.

MARIAN F. PENIX, Judge. This case was appealed to the Arkansas Supreme Court and by that Court assigned to the Arkansas Court of Appeals pursuant to Rule 29 (3).

William Glen Carlton, Administrator of the Estate of Rebecca C. Self, appellant, petitioned the probate court to have six certificates of deposit declared to be the property of decedent's estate rather than the property of Barbara Ann Baker, appellee, and niece of decedent. Barbara Ann Baker, Bank of Northeast Arkansas, and The Caraway Bank were all made respondents and the case was transferred to the chancery court.

After a hearing on the matter the court found the three certificates purchased at Bank of Caraway were the property of the estate. There is no appeal from this finding.

The court further found the three certificates purchased from the Bank of Northeast Arkansas to be the property of Barbara Ann Baker. The Administrator, Carlton, brings this appeal.

The decedent, Rebecca C. Self, purchased a $5,000 certificate of deposit No. A1960 on October 14, 1975. She designated it was to be in the name of Rebecca Self or Barbara Ann Baker, either or the survivor of either. At the time of purchase she affixed her signature to a receipt for the certificate. On September 15, 1976 Ms. Self purchased another $5,000 certificate No. A1446 with the same designation as No. A1960 but she signed no document of any kind. She signed no receipt, signature card, nor tickler. On January 12, 1977, Marie Bertrand, acting as Ms. Self's agent, purchased certificate No. A2069. Ms. Bertrand signed a receipt and a tickler. No. A2069 was also for $5,000 and had the same designation as the other two.

We believe Rebecca C. Self intended for the three certificates of deposit to go to her niece Barbara Ann Baker. However, Ark. Stat. Ann. § 67-552 (Repl. 1966) specifically provides the procedure whereby a right of survivorship can be created in a certificate of deposit.

(a) If the person opening such account, or purchasing such certificate of deposit, designates in writing to the banking insitution that the account or the certificate of deposit is to be held in "joint tenancy" or in "joint tenancy with right of survivorship," or that the account or certificates of deposit shall be payable to the survivor or survivors of the persons named in such account or certificate of deposit, then such account or certificate of deposit and all additions thereto shall be the property of such persons as joint tenants with right of survivorship. . . .

More is required than intent.

In interpreting § 67-552 our Supreme Court has held there must be substantial compliance with the designation in writing requirement of the statute. *Cook* v. *Bevill*, 246 Ark. 805, 440 S.W. 2d 570 (1969); *Willey* v. *Murphy*, 247 Ark. 839, 448 S.W. 2d 341 (1969); Note, 24 Ark. L. Rev. 361 (1970-71). Again in *Justice* v. *Ringold,* 254 Ark. 11, 491 S.W. 2d 383 (1973) the Supreme Court restated the rule that no survivorship interest is created where the decedent does not affix his signature to an instrument complying with the statutory requirement. The above cases appear to require a) some writing, b) signed by purchaser, c) indication of intention in order to *substantially comply*.

Certificate No. A1960 has a copy of a receipt bearing Ms. Self's signature. Certificate No. A1446 is unsigned and nothing appears in the record to be Ms. Self's signature nor that of her agent. In the case of Certificate No. A2069 there appears the signature of Marie Bertrand, Ms. Self's agent, on two different documents — a copy of a receipt and a maturity tickler.

After hearing all the testimony and viewing the evidence the trial court held there to be sufficient evidence of an intention on the part of Ms. Self the three certificates were to pass to Barbara Ann Baker upon Ms. Self's death.

We find the trial court's decision to be correct in regard to Certificates No. A1960 and No. A2069. However, we find the court erred in its view of No. A1446. There is not substantial designation in writing for No. A1446 to comply with the statutory requirement. Intention of the purchaser is not sufficient in light of the specific requirement that there be a designation in writing. Therefore we find certificate No. A1446 to be the property of the estate.

Reversed in part and remanded.

NEWBERN, WRIGHT AND PILKINTON, JJ., concur.

DAVID NEWBERN, Judge, concurring. I reluctantly agree with the result in this case. The statute, Ark. Stat. Ann. § 67-552 (Repl. 1966), quoted in the majority opinion is sub-

ject to an interpretation which would permit a "designation in writing" to be construed as the writing on the certificate itself which, if accepted by the purchaser, could be interpreted readily as his designation. The analogy to a deed conveying land in joint tenancy would be strong. In the case of a deed, the grantee need sign nothing for the conveyance to be effected in that way.

Because of the decision in *Willey* v. *Murphy*, 247 Ark. 839, 448 S.W. 2d 341 (1969), we are permitted no interpretation of the statute other than the one expressed in the majority opinion. I believe we should make clear, however, that neither *Cook* v. *Bevill*, 246 Ark. 805, 440 S.W. 2d 570 (1969), nor *Justice* v. *Ringold*, 254 Ark. 11, 491 S.W. 2d 383 (1973), would require the holding we reach here, as in those cases the certificates themselves contained no right of survivorship designation.

CHIEF JUDGE WRIGHT and JUDGE PILKINTON join in this concurring opinion.