Barbara Ann BAKER *v.* BANK OF NORTHEAST
ARKANSAS

CA 80-380                                              611 S.W. 2d 783

Court of Appeals of Arkansas
Opinion delivered February 18, 1981

*Bill W. Bristow*, for appellant.

*Troy Henry*, for appellee.

LAWSON CLONINGER, Judge. This is an appeal from a trial court decision that appellant Barbara Ann Baker could not maintain a suit as a third party beneficiary against the appellee Bank of Northeast Arkansas. The trial court found that the appellee bank failed to follow the instructions of appellant's benefactor, the depositor, in the issuance of a certificate of deposit, but that appellant had no interest in the property and could not recover.

We find that appellant is a third party beneficiary; that, as such, she is entitled to maintain the action; and that she is entitled to damages against appellee on her cross-complaint.

This is the second time this proceeding has been before this Court, the first being styled *Carlton* v. *Baker*, 267 Ark. 949, 591 S.W. 2d 696 (1980). The original dispute was between the administrator of the estate of Rebecca C. Self and Barbara Ann Baker, niece of Rebecca Self, about ownership of three $5,000 certificates of deposit at the Bank of Northeast Arkansas. The trial court and this Court found that the certificates were intended by Rebecca Self to pass to Barbara Ann Baker upon Rebecca Self's death, but this Court reversed the trial court in regard to the disposition of one of the $5,000 certificates, holding that there was no substantial compliance with the statutory designation-in-writing requirement. The effect of this Court's opinion was to give Barbara Ann Baker $10,000 in the certificates and to give the administrator the additional $5,000. This Court remanded the case for further proceedings.

This aspect of the case involves the cross-complaint filed in the original action by Barbara Ann Baker against the Bank of Northeast Arkansas. The cross-complaint stated that it was the intention of Rebecca Self for the certificates to pass to Barbara Ann Baker, and it was the fault of the bank that they did not. Barbara Ann Baker asked for a money judgment against the bank in the event she was not found to be the owner of the certificates. Her theory was that she was the beneficiary of a third party contract and that the bank was negligent. No additional testimony or proof was presented upon remand from this Court. The chancellor found that the bank had made mistakes but held that Barbara Ann Baker could not maintain her claim because she had no contractual relationship with the bank. This appeal is from that decision.

The appellee is correct in pointing out that upon a second appeal the judgment of the former appeal becomes the law of the case, and is conclusive of every question of law or fact decided in the former suit, and also those which might have been, but were not, presented. *Moore* v. *Robertson*, 244 Ark. 837, 427 S.W. 2d 796 (1968); *Ferguson* v. *Green*, 266 Ark. 556, 587 S.W. 2d 18 (1979). In the instant case, however, the appellant did present her theory of third party beneficiary, but its applicability was not ruled upon by this Court. It might have been better if this Court had entered judgment on appellant's cross-complaint on the first appeal, but we exercised our discretion and remanded the questions of third party beneficiary and damages to the trial court, since the trial court had not considered those issues or ruled upon them. Neither party raised the issue of the law of the case upon remand and the chancellor made the issue of damages moot when he held that appellant was not entitled to maintain the suit.

The chancellor, in making his ruling, commented that, ". . . Mrs. Self here, deposited this money in the bank; and wanted it to go to this Mrs. Baker, survivor here. But still, Mrs. Baker didn't contribute anything to it . . . There was no contract with Mrs. Baker, with the bank, that she could enforce at all . . ." Later on the chancellor stated that "Mrs. Baker had no right in this account here, unless it was done

exactly right. The bank fouled up, there's no question about it."

The Arkansas Supreme Court has held that a contract made for the benefit of a third party is actionable by such third party. *Lovell* v. *Mariana Federal Savings and Loan Association*, 264 Ark. 99, 568 S.W. 2d 38 (1978). The appellant is a donee beneficiary as that term is defined in *Coley* v. *English*, 235 Ark. 215, 357 S.W. 2d 529 (1961):

> He is a 'donee beneficiary' if it appears from the terms of the promise in view of accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance is to make a gift to or confer right of action upon the beneficiary.

The definition in *Coley* v. *English, supra*, is in line with the term as it is defined in 17 Am. Jur. 2d, *Contracts*, § 311:

> A person other than the promisee who will be benefited by the performance of the promise is a donee beneficiary where it appears that the purpose of the promisee in obtaining the promise was to make a gift to the beneficiary. In other words, a donee beneficiary is one to whom the promisee intends to make a gift of the performance by the promisor.

It is not necessary that consideration move to the obligor from the third party beneficiary. If there is consideration between the parties, then a standard contract is created. There must be consideration between the obligor and the obligee, but the absence of consideration or contract between the obligor and the third party beneficiary is the fundamental characteristic of a third party beneficiary contract. Rebecca Self supplied consideration to the bank in the form of a $5,000 deposit, and the provision requested by Rebecca Self was for the direct benefit of appellant. The benefit intended to accrue to the appellant grew out of the contract itself, and appellant's interest was not a mere incident.

We find that appellant has proved a breach on the part

of appellees and is entitled to judgment. Under the procedures normally followed by appellee, a certificate of deposit was prepared with three copies. The original certificate was delivered to the purchaser and the copies were kept for bank use. The procedure called for the purchaser to sign one of the copies in a space prescribed for that purpose; that signed copy served as a receipt for the certificate, and under the ruling of this Court in the first case of *Carlton* v. *Baker, supra*, satisfied the designation-in-writing requirement of Ark. Stat. Ann. § 67-552 (1966 Repl.). Two of the receipts for the certificates purchased by Rebecca Self bore no signature, and because of this failure, the certificate was declared by this Court to be the property of the estate of Rebecca Self and not of Barbara Ann Baker.

There was ample testimony to show that Rebecca Self intended that the three certificates were to pass to Barbara Ann Baker upon Mrs. Self's death, and that Mrs. Self effectively conveyed that intention to appellee. All three certificates were issued in the name of Rebecca Self or Barbara Ann Baker, either or the survivor of either. The loss to appellant arose because of the failure of appellee to follow its own procedures.

The appellee is not required, or permitted, to give legal advice to its customers, but it does hold out to the public that money can be deposited and passed on in the way Rebecca Self attempted. The position of appellee is similar to that of the appellee in *Lovell* v. *Marianna Federal Savings and Loan Association, supra*, with the qualification that in the present case there is no hint of fraud on the part of any of the participants.

The judgment of the trial court is reversed and the cause remanded with directions to enter judgment for appellant on her cross-complaint.

FOGLEMAN, Special Judge, joins in this opinion.

CORBIN, J., not participating.