Thelma MARTIN et al *v.* FIRST SECURITY
BANK, Personal Representative, et al

83-42                                          651 S.W.2d 70

Supreme Court of Arkansas
Opinion delivered May 31, 1983

*Hughes & Hughes,* by: *Thomas M. Hughes, III,* for appellants.

*Boyett, Morgan & Millar, P.A.,* by: *Mike Millar,* for appellees.

GEORGE ROSE SMITH, Justice. On August 21, 1981, Frances Quattlebaum went to the Citizens Bank in Beebe and bought two 182-day certificates of deposit, one payable to herself or Thelma Martin and the other to herself or Norma English. Neither certificate made any reference to survivorship, nor was there a delivery of either certificate to its alternative payee before Mrs. Quattlebaum's death on October 10, 1981. First Security Bank, as personal representative of her estate, brought this suit for a judgment declaring the estate to be entitled to the proceeds of the two certificates. The issuing bank interpleaded the money. The alternative payees claimed the funds, but the trial court

declared the estate to be entitled to payment of the certificates. Our jurisdiction is under Rule 29 (1) (c).

The trial court was right. Here the language of the certificates made no reference to survivorship. Even when there is such a reference, the statute requires that the purchaser of the certificate sign a writing stating her intention that the funds be paid to the alternative payee upon the purchaser's death. *Corning Bank* v. *Rice,* 278 Ark. 295, 645 S.W.2d 675 (1983); *McDonald* v. *Treat,* 268 Ark. 52, 593 S.W.2d 462 (1980); *Cook* v. *Bevill,* 246 Ark. 805, 440 S.W.2d 570 (1969).

Here Mrs. Quattlebaum signed nothing in the transactions except an acknowledgment of her receipt of a copy of a printed notice from the issuing bank, explaining that certain penalties would be imposed for early withdrawals of the money, with an exception in case of the purchaser's death. There was, however, no language of survivorship either in the certificate or in the printed notice, which merely referred to a withdrawal after the purchaser's death without indicating who would be entitled to make the withdrawal.

The appellants also rely on Act 843 of 1983, which provides in Section 1 (i) that terms such as "designate in writing" shall not be construed to require the depositor or purchaser to affix his signature to an instrument. That repeal of the earlier law, however, is not merely procedural and therefore retroactive, as the appellants argue. To the contrary, we have noted that a survivorship deposit is sometimes referred to as a "Poor Man's Will." *Lovell* v. *Marianna Fed. S. & L. Assn.,* 264 Ark. 99, 568 S.W.2d 38 (1978). The requirement that a written will be signed by the testator is not a procedural formality but a safeguard essential to the substantive validity of the instrument. The same considerations apply to the earlier requirement that the purchaser of a certificate of deposit designate his intention by a signed writing. The 1983 statute cannot apply to this case.

Affirmed.