.Estate of Mae PETTYJOHN *v.* Jimmie Lynn BALLARD and The CITIZENS BANK OF BATESVILLE

CA 83-31                                                661 S.W.2d 403

Court of Appeals of Arkansas
Division II
Opinion delivered November 23, 1983
[Rehearing denied December 21, 1983.*]

*COOPER, J., would grant rehearing and affirm on the merits of the appeal.

*Boyette, Morgan & Millar, P.A.,* by: *Mike Millar,* for appellant.

*Blair & Stroud,* by: *Robert D. Stroud,* for appellee Ballard.

*Highsmith, Gregg, Hart, Farris & Rutledge,* by: *John C. Gregg,* for appellee Citizens Bank of Batesville.

LAWSON CLONINGER, Judge. The question at issue on this appeal is whether the execution of a "Depositor's Notice of Penalty for Payment of Time Deposit Before Maturity" constitutes substantial compliance with the "designate in writing" requirement of Ark. Stat. Ann. § 67-552 (Supp. 1981). We hold that there was no substantial compliance with the statute, and we reverse the finding of the trial court.

Ark. Stat. Ann. § 67-552 provides as follows:

Checking accounts and savings accounts may be opened and certificates of deposit may be issued by any banking institution with the names of two or more persons, either minor or adult, or a combination of minor and adult, and such checking accounts, savings accounts and certificates of deposit may be held:

(a) If the person opening such account, or purchasing such certificate of deposit, designates in writing to the banking institution that the account or the certificate of deposit is to be held in 'joint tenancy' or in 'joint tenancy with right of survivorship' . . . The opening of the account or the purchase of this certificate of deposit in such form shall be conclusive evidence in an action or proceeding to which either the association or surviving party or parties is a party, of the intention of all of the parties to the account or certificate of deposit to vest title to such account or certificate of deposit and the additions thereto in such survivor or survivors.

On February 18, 1981, the decedent, Mae Pettyjohn, purchased a thirty month certificate of deposit from appellee,

The Citizens Bank, which was issued in the name of "Mae Pettyjohn or Jimmie Lynn Ballard, either or survivor."

Upon the death of the decedent, her estate instituted this action for a declaratory judgment seeking a declaration of the court that the certificate of deposit was an asset of the estate. Appellee, Jimmie Lynn Ballard, filed her cross complaint against appellee. The Citizens Bank, asserting that she is entitled to judgment against The Citizens Bank in the event that it is found that the certificate is properly payable to the estate of Mae Pettyjohn. The trial court found that the certificate was the property of Jimmie Lynn Ballard and did not reach the question of the alternate liability of The Citizens Bank.

It is uncontroverted that Mae Pettyjohn was the purchaser, and the testimony of bank officials established that at the time of the purchase Mae Pettyjohn stated to representatives of the bank that it was her desire that the proceeds of the certificate be payable to the survivor as between her and Jimmie Lynn Ballard. However, the only document executed by Mae Pettyjohn in conjunction with the issuance of the certificate of deposit was a "Depositor's Notice of Penalty for Payment of Time Deposit Before Maturity," which bore the number of the certificate of deposit.

We need not hold that there must be a strict and literal compliance with the wording of the Act, but we do hold that there must be a substantial compliance. See *Ratliff* v. *Ratliff, Adm'x.,* 237 Ark. 191, 372 S.W.2d 216 (1963); *Cook* v. *Bevill,* 246 Ark. 805, 440 S.W.2d 570 (1969); *Carlton, Adm'r.* v. *Baker,* 267 Ark. 949, 591 S.W.2d 696 (Ark. App. 1980).

In *Corning Bank* v. *Rice, Adm'r.,* 278 Ark. 295, 645 S.W.2d 675 (1983), the Arkansas Supreme Court observed:

> Ever since the *Cook* case was decided in 1969 we have consistently held that a payable-on-death certificate is not payable unless the holder signs some instrument to that effect.

In *Gibson* v. *Boling, Sp. Adm'r.,* 274 Ark. 53, 622 S.W.2d 180 (1981), the court stated:

It is clear from the act and we have held that the depositor must designate the survivor in a separate writing, other than as payee, if the transaction is to be treated as one of joint tenancy with right of survivorship.

In *Carlton, Adm'r. v. Baker, supra,* this court held that a receipt signed by the depositor constituted substantial compliance with the statute. In that case, the certificate of deposit was prepared with three copies and the depositor signed one of the copies in a space provided for that purpose. See *Baker v. Bank of Northeast Arkansas,* 271 Ark. 948, 611 S.W.2d 783 (Ark. App. 1981). In the instant case, the instrument signed by Mae Pettyjohn bore the number of the certificate of deposit, but the instrument itself contained nothing to express the intent of Mae Pettyjohn to create a joint interest with right of survivorship.

In *Ratliff v. Ratliff, Adm'x., supra,* the Arkansas Supreme Court stated:

A joint account with survivorship is similar to a will in that both are statutory devices by which property may be disposed of at death. In each case certain minimum formal action in the exercise of the statutory privilege has been required by the legislature, doubtless to avoid the dangers of perjury and the uncertainties of parol evidence after death has sealed the lips of the person principally concerned.

There is ample evidence that it was the intention of Mae Pettyjohn to create a survivorship interest, but we must hold that the writing signed by Mae Pettyjohn does not constitute substantial compliance with the statute.

The decision of the trial court is reversed and the cause is remanded for determination of the issue raised by Jimmie Lynn Ballard in her cross complaint against The Citizens Bank.

MAYFIELD, C.J., and CORBIN, J., agree.