Loren E. GOODMAN *v.* FARMERS & MERCHANTS
BANK and Zelma GOODMAN

CA 86-280                                    732 S.W.2d 866

Court of Appeals of Arkansas
Division II
Opinion delivered July 15, 1987

*Manatt & Crego*, for *Loren E. Goodman*, for appellant.

*Ponder & Jarboe*, for appellee, Farmers & Merchants Bank.

*Rifel, King & Smith*, by: *Kirby Riffel*, for appellee, Zelma Goodman.

BETH GLADDEN COULSON, Judge. The appellant, Loren Goodman, brings this appeal from an order of the trial court dismissing the appellant's cross-complaint by which he sought to establish his right to at least one half of the monies represented by a certificate of deposit. We find no merit in the arguments presented on appeal and affirm.

On October 2, 1981, Charles Goodman purchased a certificate of deposit from Farmers & Merchants Bank in the amount of $13,275.09. The certificate was made payable to Charlie E.

Goodman or Zelma L. Goodman or Loren E. Goodman, or either. A signature card bearing the account number recorded on the certificate contained the signatures of Charles and Loren Goodman. Charles Goodman died on July 22, 1983. Shortly thereafter, Loren Goodman instructed the bank to retain on his behalf one half the value of the certificate should Zelma Goodman present the certificate for payment. The bank did so, and Zelma Goodman subsequently brought suit against the bank for the unpaid amount. The bank in turn sought to interplead the parties' respective claims for a determination by the court as to which party was entitled to the remaining funds on deposit. Loren Goodman filed a cross-complaint.

Zelma Goodman, the sole devisee of Charles Goodman, died, and her successors in interest were substituted as plaintiffs. The court found that the funds on deposit should be paid to Zelma Goodman's successors in interest and that Loren Goodman had failed to prove by a preponderance of the evidence that he was entitled to any monies by virtue of the certificate. Farmers & Merchants Bank filed an appeal, and Loren Goodman filed the present cross appeal. Farmers & Merchants Bank failed to pursue its appeal, and we therefore decide only the points raised by the appellant, Loren Goodman.

The appellant cites *Corning Bank* v. *Rice*, 278 Ark. 295, 645 S.W.2d 675 (1983), and argues that as a third-party beneficiary to the contract between Farmers & Merchants Bank and Charles Goodman, the appellant should have recovered a sum equal to the amounts on deposit. He argues that the bank was negligent in failing to carry out the alleged intent of Charles Goodman to create a survivorship interest in the appellant by virtue of his having been named as a payee on the certificate. The appellant also argues that, under the provisions of Ark. Stat. Ann. § 67-552(a) (Repl. 1980), the facts of this case support a finding that the appellant and separate appellee Zelma Goodman held the certificate as joint tenants with right of survivorship.

We certified the matter pursuant to Rule 29(1)(o) of the Rules of the Supreme Court and Court of Appeals as presenting a question in the law of torts, but the supreme court refused jurisdiction and returned the case.

In *Rice*, our supreme court stated that any banking

institution which receives money from its depositors in exchange for certificates of deposit holds itself out to issue the certificates in such a manner as to comply with the wishes of the depositor and that mishandling of the transaction between the bank and its depositor may result in liability to a third-party beneficiary. 278 Ark. at 298-99. *Rice* involved unequivocal evidence of the depositor's intent that the amounts represented by the certificates of deposit be paid on the depositor's death to the named payee (the third-party beneficiary). The bank even undertook to have the certificates conform to the depositor's express intent but failed to inform him of the statutory requirement that he designate his intent in writing. *Id.* at 297. The record before us contains no such evidence of Charles Goodman's intent to create a survivorship interest in the appellant.

To overcome this deficiency, the appellant makes frequent reference to the fact that he was named as a payee on the certificate and that his name appeared on the signature card, and he asks us to infer the depositor's intent from these facts. However, we have previously stated that the mere issuance of a certificate of deposit in the name of the parties, without other manifestations of intent, does not create any survivorship interest in the named payee. *Hayse* v. *Hayse*, 4 Ark. App. 160-B, 630 S.W.2d 48 (1982). The appellant emphasizes that the bank's compliance with his instructions to hold half the monies on deposit suggests knowledge on the part of the bank that Charles Goodman had intended to create a joint tenancy with right of survivorship in Loren Goodman and Zelma Goodman. The appellant then points to his testimony that Charles Goodman had stated to the appellant that he (Loren Goodman) was to have an interest in the certificate.

The findings of the trial judge sitting as fact finder will not be reversed on appeal unless clearly against a preponderance of the evidence. The question of a preponderance of the evidence turns largely on the credibility of the witnesses, and we defer to the superior position of the fact finder in that regard. We find nothing in the record to support the appellant's assertion that the bank was aware of an intent on the part of Charles Goodman to create a survivorship interest in the appellant, and we are otherwise unable to say that the trial court's failure to find for the appellant on the basis of the bank's alleged negligence was clearly

against a preponderance of the evidence.

The appellant's next argument deals with the provisions of Ark. Stat. Ann. § 67-552(a) (Repl. 1980). We first note that Act 843 of 1983 amended section 67-552(a), and the change was substantial. However, the effective date of the amendment was March 25, 1983, and the certificate at issue was purchased in 1981. In *Martin* v. *First Security Bank*, 279 Ark. 273, 651 S.W.2d 70 (1983), our supreme court stated that the repeal of the earlier law was not merely one affecting matters of procedure and, therefore, would be prospective rather than retroactive. As such, we look to the case law interpreting the former statute.

It is well settled that upon the depositor's death, as between the depositor's estate and a named payee, the payee's entitlement to funds represented by a certificate of deposit depends upon the depositor having designated "the survivor in a separate writing, other than as payee, if the transaction is to be treated as one of joint tenancy with right of survivorship." *Estate of Pettyjohn* v. *Ballard*, 10 Ark. App. 34, 37, 661 S.W.2d 406, 407 (1983). *See also Penn* v. *Penn*, 284 Ark. 562, 683 S.W.2d 930 (1985); *Walker* v. *Hooker*, 282 Ark. 61, 667 S.W.2d 637 (1984); *Morton* v. *McComb*, 281 Ark. 125, 662 S.W.2d 471 (1983); *Carlton* v. *Baker*, 267 Ark. 949, 591 S.W.2d 696 (Ark. App. 1979). There need not be a strict and literal compliance with the wording of the statute, but there must be a substantial compliance. *Estate of Pettyjohn, supra.* We find nothing in the record whereby the depositor, Charles Goodman, designated in a separate writing that the appellant was to have a survivorship interest by virtue of the certificate, other than the appellant's designation as payee and his signature on the signature card. That is clearly not enough.

For the foregoing reasons, the order of the trial court is affirmed in all respects.

Affirmed on cross appeal.

CRACRAFT and JENNINGS, JJ., agree.