R. H. SIKES *v.* Joseph William SEGERS, Jr.

77-318                                                    563 S.W. 2d 441

Opinion delivered March 27, 1978
(In Banc)

*C. W. Knauts*, for appellant.

*Shaw & Ledbetter*, for appellee.

DARRELL HICKMAN, Justice. R. H. Sikes, appellant, brings this appeal from a summary judgment entered by the Washington County Circuit Court in favor of appellee, Joseph William Segers, Jr.

The court ruled that appellant did not timely file an affidavit in response to appellee's motion for summary judgment; therefore, appellee's motion, which was supported by affidavits, was found to be uncontroverted and the summary judgment was granted. The court also granted the summary judgment on the theory that this action was barred by the doctrine of "collateral estoppel and/or res judicata."

The history of this litigation goes back several years and a summary of the facts is necessary in order to understand the two basic issues presented to us on appeal.

The litigation began when appellant and his wife, Jolene, went to appellee's law offices regarding a divorce. Appellee filed a divorce action against appellant in the Washington County Chancery Court on behalf of Jolene. The divorce was uncontested and a decree was entered in August, 1973, incorporating a property settlement and child custody agreement signed by both parties.

Less than a month later appellant filed a motion to set aside the decree and agreement. The motion alleged: that the appellee had agreed to act as attorney for both appellant and Jolene, and upon this advice, appellant signed the waiver of notice and property agreement; that after the decree was

entered Sikes learned that appellee had established a "meretricious liaison" with Jolene; and, that both Jolene and appellee willfully and intentionally concealed this relationship from appellant for the purpose of fraudulently inducing Sikes to sign the property settlement agreement.

A motion to quash service of this motion was granted by the chancery court. Other pleadings were also filed in the chancery court including a petition by Jolene citing appellant for contempt and praying for judgment for back child support.

Appellant filed a second motion to set aside the decree and property agreement which was identical to the first. This motion was never ruled upon; however, the chancellor did enter an order regarding back child support, alimony and other incidental matters involving the property settlement. A notice of appeal was filed regarding this order, but an appeal was never pursued by appellant.

In January, 1974, appellant and Jolene signed a new property and child support agreement. Part of that agreement stated that appellant agreed to dismiss his motion to set aside the divorce decree. This agreement was never confirmed by a chancery court order. Jolene, pursuant to the agreement, filed a release of the judgment of contempt against appellant.

In February, 1976, appellant filed suit against appellee alleging malpractice and alienation of affections. The allegations in this suit were similar to those in the motions to set aside the divorce decree.

A non-suit was taken, but the case was refiled within a year on January 17, 1977. It is from this case that the summary judgment was entered and this appeal is brought.

At trial level appellee filed a motion to dismiss; denied the allegations in the complaint; and, raised the issues of limitations, laches, res judicata and collateral estoppel. Appellee and his partner (who was dismissed from the lawsuit without objection) also filed a motion for summary judg-

ment with affidavits, briefs and notice that consisted of some twenty-seven pages.

The affidavits stated essentially that appellee never agreed to represent appellant; that he only agreed to represent Jolene; that he did not have a relationship with Jolene; and, that he was in no way guilty of malpractice. One affidavit merely identified a long handwritten letter from Jolene to appellee reciting her memory of conversations with appellant. This affidavit, signed by an attorney, was obviously nothing but hearsay. There was no affidavit of Jolene Sikes.

The chancery court action did not involve appellee as a party but was merely a suit between appellant and Jolene. No judgment was entered approving this agreement which would serve as a bar to an action between appellant and appellee. The doctrines of collateral estoppel and res judicata apply only to final orders or adjudications. See *Missouri Pacific R.R. Co.* v. *McGuire*, 205 Ark. 658, 169 S.W. 2d 872 (1943); 46 Am. Jur. 2d *Judgments* § 394 (1969).

This brings us to a question regarding notice of the summary judgment hearing. Appellee's motion for summary judgment was received by appellant's attorney on May 2, 1977. A notice was attached to the motion stating that hearing was set in the Washington County Circuit Court on May 12.

On May 3, the trial judge wrote a letter to appellant's attorney notifying him of the hearing. This letter was received no sooner than May 5.

Appellant's attorney responded to the motion for summary judgment by generally denying the allegations. The response stated that there was not sufficient time to obtain supporting affidavits and specifically requested that the court grant leave to introduce oral testimony at the hearing in order to rebut appellee's affidavits. This motion was filed on May 11, the day *before* the hearing.

At the hearing the parties announced ready to proceed. The circuit judge ruled that the action for alienation of affections was barred by the statute of limitations but, that the

malpractice action was not so barred. Neither of these rulings has been appealed.

Appellant's attorney attempted to have appellant testify orally as a substitution for affidavits. The court was reluctant to grant this request and called a brief recess for the parties to find authority for such a procedure. Appellant's attorney could not find any authority and he offered appellant's written affidavit which had been drafted during the interim.

The court questioned whether the affidavit had been timely offered, but permitted it to be filed stating that timeliness was a matter of law that he would decide later. In a written opinion dated June 15, the judge ruled that the affidavit was not tendered timely.

The affidavit controverted the allegations and statements in the motion for summary judgment. As such it raised a factual issue which required the trial court to overrule the motion.

The trial court based its ruling on one sentence contained in Ark. Stat. Ann. § 29-211(c) (Repl. 1962):

The adverse party prior to the day of the hearing may serve opposing affidavits.

When all of the facts of this case are considered we conclude that the trial court abused its discretion.

We feel the appellant's attorney, although mistaken, acted in good faith by asking for an opportunity to present oral testimony before the hearing. Although the Arkansas summary judgment law does not authorize oral testimony, it does not specifically prohibit it either. See Ark. Stat. Ann. § 29-211 (Repl. 1962). We conclude it does not permit oral testimony.

Considering all the facts and circumstances of this case, we must conclude the only fair and reasonable action would have been to permit the affidavit to be filed.

Therefore, we reverse the decision of the trial court in

granting appellee summary judgment, and remand the case for further proceedings.

Reversed and remanded.