Ruth HUNT, Individually and as Guardian
of the Estate of Henry Bryant HUNT
*v.* Silas BREWER, Jr. and James H.
LARRISON, Jr.

79-6                                     585 S.W. 2d 12

Opinion delivered June 25, 1979
(In Banc)
[Rehearing denied September 4, 1979.]

*Guy H. Jones, Phil Stratton, Guy Jones, Jr.,* and *Casey Jones,* by: *Phil Stratton,* for appellant.

*Wright, Lindsey & Jennings,* for appellees.

FRANK HOLT, Justice. This appeal results from the granting of appellees' motion for summary judgment.

On September 3, 1970, Henry Bryant Hunt received a compensable injury for workmen's compensation benefits. His injuries required home nursing care. His wife, the appellant, resigned her regular employment on September 10, 1970, in order to devote full time to the home nursing care of her husband. On January 7, 1971, the Hunts employed appellee Silas Brewer, Jr., to represent them in their claim for workmen's compensation benefits. Appellant was appointed guardian of the estate of her husband. James H. Larrison, Jr., became associated with Brewer following Brewer's employment by the Hunts and took over the case. Because of some misunderstanding with the appellant, he was relieved by her as counsel in May, 1974, before any hearing had been held on the claim. On July 8, 1974, Brewer appeared as counsel for appellant before the administrative law judge. This was the first hearing held in the matter. Brewer claimed benefits for (1) safety violation, (2) nursing services, (3) medical and related expenses, and (4) attorneys fees. A month later, or in August, 1974, Brewer was relieved as counsel for appellant and has had no further con-

nection with the presentation of the claim. Appellant secured other counsel, and at a hearing on October 1, 1975, the matter relating to the claim for payment of nursing services by appellant was again presented. The administrative law judge held appellant was entitled to receive payment for nursing care in the amount of $80 per week. However, he did not state the commencement date for such payments. On appeal on April 9, 1976, the Commission affirmed the findings of the administrative law judge and increased the award of benefits for nursing care to $100 a week to commence on July 8, 1974. We affirmed the Commission's findings in *Dresser Minerals* v. *Hunt*, 262 Ark. 280, 556 S.W. 2d 138 (1977).

Appellant then filed this action alleging that appellees were guilty of negligence in that they failed and refused to present a claim for nursing care. She claimed that she had been damaged in the amount of the value of her nursing care between December, 1970, and July, 1974, at the rate of $100 per week. Appellees filed a motion with supporting affidavits for summary judgment. Appellant filed her counteraffidavit along with one by Dorothy Cunningham. Summary judgments were entered. Hence this appeal contending that the trial court erred in granting summary judgments.

A summary judgment is proper whenever no genuine issue exists as to a material fact, and the moving party is entitled to judgment as a matter of law. Ark. Stat. Ann. § 29-211 (Repl. 1962) and *Purser* v. *Corpus Christi St. Nat'l Bank*, 258 Ark. 54, 522 S.W. 2d 187 (1975).

The counteraffidavit of Dorothy Cunningham is of no support to appellant's position inasmuch as she merely states conclusions of law, other than the undisputed fact that appellant left her employment to devote full time to nursing care for her husband on September 10, 1970. In appellant's affidavit, she asserted Brewer failed and refused to present evidence in his possession on July 8, 1974, which would show that she was entitled to nursing care benefits from September 10, 1970, to the date of the hearing and on into the future; there was not proper preparation for the hearing on July 8, 1974; her attorneys, the appellees, failed or refused to establish that the nursing home care should begin on

September 10, 1970; and the appellees failed and refused to present all medical data in their possession at the time of the hearing on July 8, 1974. The thrust of appellant's argument is that the appellees were negligent in failing and refusing to timely present evidence as to when her claim for nursing services began.

Appellant's counteraffidavit is nothing more than a statement of legal conclusions rather than a factual issue in view of the record in this case. At the first hearing, Brewer did claim benefits for nursing services. The opinion of the administrative law judge recites the following:

> 3. Nursing Services: This issue was partially covered at the hearing but the claimant's evidence concerning the value of such services was incomplete and the *record was held open* for additional evidence. (Italics supplied.)

Approximately a month after the first hearing, appellant relieved Brewer as her counsel and secured the services of other attorneys. Her substitute counsel pursued the matter of nursing care at a subsequent hearing at which time $80 a week was awarded. No particular time, however, was specified by the administrative law judge as to when payment was to begin. The full Commission, on appeal, increased the nursing benefits from $80 to $100 a week. For the first time, a specific date, July 8, 1974, was selected as to when nursing care benefits should begin. On appeal to this court, *Dresser Minerals* v. *Hunt, supra,* we said:

> The commission explained its selection of a somewhat arbitrary date by pointing out that the claimant did not prove by a preponderance of the evidence that the nursing services award should begin on any certain date. That explanation is true. *The claimant's evidence was not directed to that precise point.* (Italics supplied.)

The record clearly reflects that the issue of nursing services was, through Brewer's efforts, joined at the first hearing. Brewer, by appellant's choice, did not represent her at the time she failed to show by a preponderance of the evidence as to when the award of nursing services should begin. When

appellant's allegations are viewed most favorably, it cannot reasonably be said there was a fact question as to any negligence whatsoever on the part of Brewer with respect to appellant's failure to convince the Commission that she was entitled to nursing benefits for a longer period of time than was approved by the Commission.

Larrison's services were not utilized by appellant until sometime after Brewer had been engaged by the appellant. His services were terminated by her prior to the first hearing on July 8, 1974. Obviously, the motion for a summary judgment on behalf of Larrison was proper.

Affirmed.