HUGHES WESTERN WORLD, INC *v.*
WESTMOOR MANUFACTURING COMPANY

80-58                                              601 S.W. 2d 826
Supreme Court of Arkansas
Opinion delivered June 23, 1980

*Glover, Sanders, Parkerson & Hargraves,* by: *Robert S. Hargraves,* for appellants.

*James C. Campbell* and *R. Scott Campbell,* for appellee.

GEORGE ROSE SMITH, Justice. This is essentially a simple case in which Westmoor Manufacturing Company brought suit to recover $108,967.24 for merchandise sold on open account to Hughes Western World, a corporation. The individual defendants, Mr. and Mrs. Carl E. Hughes, signed a written agreement guaranteeing the payment of the account.

The defendants filed a verified general denial, but they have never specifically denied that the merchandise was sold to the corporation or that the account is unpaid. In appealing from a summary judgment and a second substituted summary judgment for the plaintiff the defendants argue that the pleadings and proof did not justify the circuit judge in entering summary judgment.

In a proper case a summary judgment is a useful device for avoiding unnecessary trials when there is no real issue of fact to be decided. *Kratz* v. *Mills,* 240 Ark. 872, 402 S.W. 2d 661 (1966). The appellants correctly point out that affidavits for summary judgment are to be construed against the moving party, but counsel fail to recognize the further rule that when the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact. *Miskimins* v. *City Nat. Bank,* 248 Ark. 1194, 456 S.W. 2d 673 (1970); *Coffelt* v. *Ark. Power & Light Co.,* 248 Ark. 313, 451 S.W. 2d 881 (1970); *Deam* v. *O. L. Puryear & Sons,* 244 Ark. 18, 423 S.W. 2d 554 (1968).

That burden of going forward was not met in the court below. The plaintiff filed with its motion for summary judgment an affidavit of its credit manager attesting the accuracy of the account and a copy of the guaranty agreement. Thus a prima facie case was made. The defendants responded only with an affidavit of Carl E. Hughes, which did not deny the debt but said in a roundabout way that an employee of Westmoor had promised that the defendant corporation would not be required to pay "for an unspecified period of time" and that "in no event would Hughes Western World, Inc., *as Affiant understands it,* be required to pay said obligation within one year from the receipt of said merchandise." (Italics ours.)

Our summary judgment rule, which is copied from the Federal Rules, requires that an affidavit in response to a motion for summary judgment be made on personal knowledge and set forth "specific facts" showing that there is a genuine issue for trial. ARCP, Rule 56. The trial judge correctly held that the qualification, "as Affiant understands it," does not

assert the required personal knowledge. *Cermetek* v. *Butler AVPAK,* 573 F. 2d 1370 (9th Cir., 1978); *Jameson* v. *Jameson,* 176 F. 2d 58 (App. D.C., 1949). After the circuit judge ruled the affidavit insufficient, the defendants did not file a more specific affidavit, but merely submitted a motion arguing that the phrase, "as Affiant understands it," was *intended* to recite that the affiant had personal knowledge of the matter. There was, however, still no positive statement on personal knowledge, even though the defendants had the opportunity between the entry of the two summary judgments to file a supplemental affidavit. See Rule 56 (e). (Also, by that time the open account was unquestionably due, even if there might have been some basis for doubt about that fact when the complaint was filed.)

Affirmed.