## MONTGOMERY WARD & COMPANY, INC. *v.* Elbert CREDIT and Joyce CREDIT

81-72                                                           621 S.W. 2d 855

Supreme Court of Arkansas
Opinion delivered October 12, 1981

*Robert R. Cortinez,* for appellant.

*Robert J. Brown,* for appellees.

JOHN I. PURTLE, Justice. The appellant filed suit in the Faulkner County Circuit Court against the appellees for a

debt on an open account. The trial court granted appellees' motion for a summary judgment on the grounds that the interest charged by appellant was usurious and thereby rendered the contract void.

On appeal it is urged that the court erred in granting a summary judgment and in finding that the contract was void on the grounds of usury. We agree with appellant's argument.

The facts are not complicated in this case. Appellant approved appellees' application for credit on June 30, 1973. The contract recited that the interest rate would be .83% per month on the previous month's balance or 10% per annum. For reasons not explained in the record a second application and agreement were entered into on July 30, 1973. However, the second agreement provided for interest at the rate of 1½% per month or 18% per annum. It also indicated on the bottom the contract was for use in Alaska, California and Delaware. Appellees made purchases and payments on the account between 1973 and 1980. No disagreement was manifested during this 7-year period.

On August 27, 1980, the appellant filed suit against the appellees for the outstanding balance on the account in the amount of $1277.58. The complaint alleged the balance was due on the contract entered into on June 30, 1973, but the July 1973 contract was made an exhibit to the complaint. Appellees noticed the exhibit called for interest at the rate of 1½% per month or 18% per annum and moved for a summary judgment. No affidavits were attached to the motion; an answer and counterclaim were filed; and briefs were submitted by the parties.

A hearing was held on the motion for a summary judgment on October 6, 1980. Testimony on behalf of both parties was presented at this hearing. At the conclusion of the hearing the court granted a summary judgment in favor of the appellees. The court held the contract was on its face usurious and therefore void. Notice of appeal was filed on October 29, 1980.

Summary judgments are governed by Rules of Civil Procedure, Rule 56. A summary judgment is ordinarily granted upon the pleadings and affidavits in support thereof. There is no provision for taking oral testimony in the matter of a summary judgment. *Sikes* v. *Segers,* 263 Ark. 164, 563 S.W. 2d 441 (1978). It is not absolutely necessary that affidavits be filed in support of a response to a motion for a summary judgment. *Adams Motors* v. *Hudspeth Motors, Inc.,* 266 Ark. 790, 587 S.W. 2d 227 (1979). A summary judgment is not proper when there exists a genuine issue as to a material fact. *Hunt* v. *Brewer,* 266 Ark. 182, 585 S.W. 2d 12 (1979).

Although no counter-affidavits were filed by the appellant, no affidavits were filed by the appellees in support of the motion for summary judgment. If we were to consider the oral testimony presented at the hearing, which we do not, there would clearly be a genuine issue of fact. However, in the absence of affidavits we are left with the original pleadings. Appellant's complaint alleges the amount due is a result of the June 30, 1973, contract. The appellees contend that charges were made in accordance with the July contract.

It is essential in order to establish usury that there be a forbearance and an intent or agreement to take interest in excess of 10% per annum. *Briggs* v. *Steele,* 91 Ark. 458, 121 S.W. 754 (1909). We have considered a case somewhat similar to this and held that it is a matter of proof whether excessive interest was actually charged and received. *Parks Products Co.* v. *Beard Hardwood Lumber Co.,* 263 Ark. 501, 565 S.W. 2d 615 (1978).

We have many times stated that a summary judgment is an extreme remedy and is only proper whenever the pleadings and proof show that no genuine issue exists as to material fact, and the moving party is entitled to judgment as a matter of law. Proof submitted on behalf of the motion must be viewed in the light most favorable to the party resisting the motion and all doubts and inferences resolved against the moving party. *Talley* v. *MFA Mutual Insurance Co.,* 273 Ark. 269, 620 S.W. 2d 260 (1981). Under the circumstances of this case we think the judgment of the trial

court was clearly erroneous, as we find there were genuine disputed issues of fact to be resolved. Therefore, the case will be reversed and remanded with directions for the trial court to proceed in a manner not inconsistent with this opinion.

Reversed and remanded.