## Coy W. PRUITT *v.* CARGILL, INC.

84-197                                   683 S.W.2d 906

Supreme Court of Arkansas
Opinion delivered February 4, 1985

*Witt Law Firm,* by: *Ernie Witt,* and *R. Kevin Barham,* for appellant.

*Mobley & Smith,* by: *William F. Smith,* for appellee.

JACK HOLT, JR., Chief Justice. The question before the court concerns the granting of a motion for summary judgment. We affirm the trial court.

The appellant, Coy W. Pruitt, and the appellee, Cargill, Inc., entered into a Feeder Pig Production and Hog Feeding Agreement. During the course of the agreement, Pruitt purchased a used water tank. The tank was delivered to the appellant by an employee of Cargill. Subsequently, Cargill filed suit against Pruitt seeking the balance due on a loan. Pruitt filed a counterclaim in which he alleged that Cargill had supplied him with the water tank and that it was defective. Cargill denied that it had supplied the water tank and filed a motion for summary judgment as to the counterclaim. The motion was granted by the trial court. This case is before us under Sup. Ct. R. 29(1)(m) as it presents a question in the law of products liability.

In support of his claim that Cargill supplied the water tank, Pruitt offered two affidavits. The first, an affidavit by Pruitt, states that an employee of Cargill told him that he needed the water tank and that subsequently, the same employee delivered the water tank to the Pruit farm in a Cargill truck. Pruitt said, "I thought that I was buying the tank from Cargill." The second affidavit is by an employee of Pruitt's who stated that he was present when the water tanks were delivered and, he too thought that Pruitt bought the tanks from Cargill.

The appellee supplied nine affidavits of employees and business associates all of which state that Cargill has never engaged in the business of selling or distributing used water tanks. Furthermore, the Cargill employee who delivered the tank stated that he did so as a favor and at Pruitt's request. The employee stated that he picked the used tank up for Pruitt from a Russellville company.

The trial judge held that,

[T]he basic issue before the Court is whether there is a genuine issue of fact as to whether Cargill, Inc., "supplied" the used tank in the instant case and is, therefore, subject to liability under Ark. Stat. 85-2-318.2. . . .

It appears to the Court that defendant's argument does

not raise a genuine issue of fact. The question is not whether plaintiff appeared to be a "supplier" but whether plaintiff was, in fact, a supplier. There is nothing shown by the pleadings and exhibits that creates an issue of fact on this point, and, therefore, the Court does grant plaintiff's Motion for Summary Judgment.

Ark. Stat. Ann. § 85-2-318.2 (Supp. 1983) provides in pertinent part:

A supplier of a product is subject to liability in damages for harm to a person or to property if:

(a) the supplier is engaged in the business of manufacturing, assembling, selling, leasing or otherwise distributing such product;

Here, there was no proof that Cargill, Inc., was engaged in the business of supplying water tanks. *See Lancaster* v. *Hartzell & Assoc.,* 54 Or. App. 886, 637 P.2d 150 (1981); *Tauber-Arons, Etc.* v. *Superior Court, Etc.,* 101 Cal. App. 3d 268, 161 Cal. Rptr. 789 (1980); *McKenna* v. *Art Pearl Works, Inc.,* 225 Pa. Super. 362, 310 A.2d 677 (1973); *Pridgett* v. *Jackson Iron and Metal Co.,* 253 So. 2d 837 (1971, Miss.).

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." AR Civ. P Rule 56(c).

Although affidavits for summary judgment are construed against the moving party, once the movant makes a prima facie showing of entitlement the respondent must meet proof with proof by showing a genuine issue as to a material fact. *Hughes Western World, Inc.* v. *Westmoor Mfg. Co.,* 269 Ark. 300, 601 S.W.2d 826 (1980). In *Hughes* this court found that the respondent's burden of going forward was not met when the affidavits did not assert the

required personal knowledge of facts alleged. The qualification, "as Affiant understands it," was not found to be a positive statement made on personal knowledge as required by AR Civ. P Rule 56. The same is true here. Cargill's proof that it is not a supplier of water tanks is prima facie evidence of entitlement to summary judgment. The mere assertion in Pruitt's affidavit that he "thought" he was buying the tank from Cargill is not a sufficient statement of fact, based on Pruitt's personal knowledge, that Cargill was a supplier of the product in question. Accordingly, summary judgment is proper.

Affirmed.