# DIXIE FURNITURE CO. *v.* ARKANSAS POWER & LIGHT COMPANY

CA 85-279 718 S.W.2d 120

Court of Appeals of Arkansas
Division II
Opinion delivered October 29, 1986
[Rehearing denied November 26, 1986.]

*W.G. Dinning, Jr.*, for appellant.

*Janan E. Kemp*, for appellee.

MELVIN MAYFIELD, Judge. Appellant, Dixie Furniture Company, has appealed a decision of the Phillips County Chancery Court granting partial summary judgment to appellee, holding that appellee had acquired a prescriptive easement over lands of the appellant and that the appellant and its predecessors in title knew or should have known the lands were being used adversely.[1]

 Summary judgment is an extreme remedy and should be granted only when it is clear that there is no genuine question of fact in issue. *Johnson* v. *Stuckey & Speer, Inc.*, 11 Ark. App. 33, 665 S.W.2d 904 (1984). In the present case, oral testimony was taken in addition to the affidavits and pleadings; however, ARCP Rule 56 does not permit supplementation of the pleadings, depositions, answers to interrogatories, admissions and affidavits with oral testimony in considering whether summary judgment is appropriate. *Sikes* v. *Segers*, 263 Ark. 164, 563 S.W.2d 441 (1978). Therefore, in keeping with the procedure followed in *Montgomery Ward & Co.* v. *Credit*, 274 Ark. 66, 621 S.W.2d 855 (1981), we do not consider the oral testimony included in the record in this case.

---

[1] Appellant's request for injunction to prevent appellee from using the property for any purpose was denied. This was an appealable order, Rules of Appellate Procedure, Rule 2(a)(6), even though the court's order stated that "a factual issue still remains as to the exact width of the defendant's prescription easement."

■ An affidavit filed in support of appellee's motion for summary judgment stated that appellee had constructed a transmission line across appellant's land in 1945 and that it had been maintained and operated by appellee since that time. The affidavit also stated that a support structure, presently in place and use, was installed in 1967, is over 90 feet tall, and is fairly obvious from the subject property. These allegations were not denied by the affidavit filed by appellant and it had the duty to meet them with sworn allegations of its own that showed there was a genuine issue of fact for trial. *Chick* v. *Rebsamen Insurance-Springdale*, 8 Ark. App. 157, 649 S.W.2d 196 (1983).

■ The chancellor's memorandum opinion relied upon *Hannah* v. *Daniel*, 221 Ark. 105, 252 S.W.2d 548 (1952), where the court stated:

> We announced the rule in this language in *Waller* v. *Dansby*, 145 Ark. 306, 224 S.W. 615: "The general rule is, that whatever puts a party upon inquiry amounts in judgment of law to notice, provided the inquiry becomes a duty as in the case of vendor and purchaser, and would lead to the knowledge of the requisite fact, by the exercise of ordinary diligence and understanding. Or, as the rule has been expressed more briefly, where a man has sufficient information to lead him to a fact, he shall be deemed cognizant of it."

■■ In the case of *French* v. *Richardson*, 246 Ark. 497, 438 S.W.2d 714 (1969), the appellants had purchased a twenty-five acre tract of land which was burdened with a servitude represented by an unrecorded easement allowing appellees' radio station to maintain a tower on and transmission lines across the Frenchs' property. The Arkansas Supreme Court held:

> The law governing the respective rights of the parties in that situation is well settled. The prevailing rule is found in Am. Jur., Easements, § 156 (1957):

> > It has often been said that in order to affect the purchaser of a servient estate the easement if unrecorded, must be one that is apparent as well as necessary and continuous, or the marks of the servitude must be open and visible. Accordingly, it is held

> that if the servitude cannot be discovered by an inspection of the premises, the purchaser is not charged with notice of its existence, except in so far as he may be charged with constructive notice under the recording laws. On the other hand, the proposition that a purchaser of real estate is charged with notice of an easement where the existence of the servitude is apparent upon an ordinary inspection of the premises is sound beyond question.

246 Ark. at 499.

More recently, the Court of Appeals has reiterated these rules in *Childress* v. *Richardson*, 12 Ark. App. 62, 670 S.W.2d 475 (1984).

In *Sebastian Lake Development, Inc.* v. *United Telephone Co.*, 240 Ark. 76, 398 S.W.2d 208 (1966), the telephone company sought an injunction to prevent the construction of a dam which would result in the flooding of existing telephone poles and lines on appellant's property, claiming it held an easement by prescription. The court agreed that the evidence showed the land had been used adversely under claim of right for more than seven years and, under Ark. Stat. Ann. § 35-101 (Repl. 1962), compensation for the property taken was barred by the statute of limitations.

 Under the law set out above, we believe the affidavits before the trial judge in the present case demonstrated that there was no genuine issue of fact to be tried concerning the existence of the appellee's prescriptive easement.

 Appellant cites *LeCroy* v. *Sigman*, 209 Ark. 469, 191 S.W.2d 461 (1945), and *Bridwell* v. *Arkansas Power & Light Co.*, 191 Ark. 227, 85 S.W.2d 712 (1935), in support of its argument that, since its land was unenclosed, there is a presumption that the easement across the property was permissive. However, we cannot agree. The cases cited by appellant deal with passage over land and not with structures on land. Appellant's cases rely upon *Boullioun* v. *Constantine*, 186 Ark. 625, 54 S.W.2d 986 (1932), where the court cited 9 R.C.L., Easements, § 39, and said:

> [T]he rule that the use of uninclosed lands for passage is to be presumed permissive and not adverse is stated to be that

supported by the weight of authority and based on the fact that it was not the custom in this country, or the habit of the people, to object to persons enjoying such privilege until there is a desire to inclose.

186 Ark. at 629.

Neither do we agree with appellant's argument that even if it had been aware of the existence of appellee's power lines and tower, it would have assumed them to be on adjacent property because there was no recorded easement, and because it was unaware of where its actual boundary lines were located. If, as stated in *Hannah* v. *Daniels*, and *French* v. *Richardson, supra*, a purchaser is charged with notice of an easement or encroachment where its existence is apparent upon an ordinary inspection of the property, it follows that a property owner is charged with knowledge of where his boundaries are located and whether the encumbrance is on his property or adjacent property. *See also Smotherman* v. *Blackwell*, 222 Ark. 526, 261 S.W.2d 782 (1953), in which it was held that the purchasers took subject to an equitable right of reformation by their neighbor who was in possession of part of the property purchased. There the court stated:

> Had the Blackwells taken the precaution of having a survey made before they bought Lot 1 they would have learned of Smotherman's hostile possession, and they are charged with knowledge of such facts as would have been disclosed by a diligent investigation of his claim. Such an investigation would have led to the discovery of the past events that now entitle him to the relief prayed.

We believe the chancellor was correct in granting the summary judgment in the instant case.

Affirmed.

CLONINGER and CORBIN, JJ., agree.