L.D. McMULLAN, E.L. Smith and Tom L. Dunn, et al.
*v.* Jack MOLNAIRD, et al.

CA 87-358                                          749 S.W.2d 352

Court of Appeals of Arkansas
Division II
Opinion delivered May 18, 1988

*Landers and Shepherd*, for appellants.

*Law Offices of Ian W. Vickery*, by: *Ian W. Vickery*, for appellees.

GEORGE K. CRACRAFT, Judge. L. D. McMullan, E. L. Smith, and Tom L. Dunn appeal from a judgment entered against them in the Union County Circuit Court finding them liable for civil damages for violations of the Arkansas Securities Act, Ark. Code Ann. § 23-42-101 et seq. (1987) (formerly Ark. Stat. Ann. § 67-1235 et seq. (Repl. 1980)). We find no error and affirm.

Arkansas Code Annotated § 23-42-501 (1987) (formerly Ark. Stat. Ann. § 67-1241 (Repl. 1980)) provides that it is unlawful for any person to sell or offer to sell securities which have not been registered in accordance with the Act. Certificates of interest or participation in oil leases are included in the legislative definition of securities required to be registered under the Act. Ark. Code Ann. § 23-42-102(12) (1987) (formerly Ark. Stat. Ann. § 67-1247(1) (Repl. 1980)). The Arkansas Securities Act was passed primarily for the purpose of protecting members of the public who might invest in offerings by promoters of securities. *Graham* v. *Kane*, 264 Ark. 949, 576 S.W.2d 711 (1979). Upon the showing of a sale of a security, the burden shifts to the seller to show that the security was either registered or exempt from the Act, or that the buyer is estopped from claiming civil damages. *Schultz & Watkins* v. *Rector-Phillips-Morse*, 261 Ark. 769, 552 S.W.2d 4 (1977).

Appellees brought this action alleging that appellants had offered to and did sell and assign to them decimal interests in oil leases at various locations. They also alleged that appellants had failed to comply with the registration requirements of the Securities Act, and had exaggerated and misrepresented the capabilities of the interests. Appellees prayed for judgment under the civil liability provisions contained in Ark. Code Ann. § 23-42-106 (1987) (formerly Ark. Stat. Ann. § 67-1256 (Repl. 1980)). Appellants answered by general denial and later filed an amended answer claiming the defenses of laches, estoppel, and waiver on the part of the appellees.

On July 17, 1986, appellees filed a motion for summary judgment to which were attached portions of pretrial depositions and affidavits of each of the seventeen appellees in which all averred that they had acquired from the appellants those decimal oil-lease interests set forth in the complaint for the consideration stated in the complaint. Appellees also averred that they were not knowledgeable or experienced in oil and gas ventures and were incapable of evaluating the merits or risks of these ventures. They further stated that none of them were engaged in the oil business or trained in any of the facets of the vocation of producing and exploring for petroleum products. It was averred that the interests sold to the appellees were not registered in accordance with the Act. On August 8, 1986, appellants filed a response in which they denied the allegations made in the motion. No supporting documents were attached to that response.

On October 15, 1986, a hearing was held on the motion for summary judgment. Prior to the day of the hearing, appellants had filed no counter-affidavits or other documents. At the hearing, appellants tendered an amended response to which were attached documents which they contend were contradictory to those accompanying the motion for summary judgment and would establish questions of fact. The trial court ruled that the amended response and its supporting documents were untimely filed and would not be considered on the issue of liability. The court then announced that appellees were entitled to summary judgment on the issue of liability, but that it would allow additional testimony to be taken on the issue of damages.

A hearing was then held on the issue of damages at the conclusion of which appellants asked for and were granted the right to offer additional rebuttal evidence as to damages, and a second hearing was scheduled by the court. Although at both of these hearings appellants attempted to introduce evidence as to their liability, the court ruled in each instance that all further testimony was limited to the issue of damages as the issue of liability had been summarily determined at the initial hearing on uncontradicted affidavits.

Appellants contend on appeal that the trial court erred in finding that there was no disputed material fact to be determined on the issue of liability and in entering a finding that the

appellants were liable for civil damages under the Securities Act. They further argue that the court erred in its finding of the amount of damages. We find no error and affirm.

Motions for summary judgment are governed by Rule 56 of the Arkansas Rules of Civil Procedure, which provides that such a judgment may be entered if the pleadings, depositions, answers, interrogatories, and admissions on file, in addition to affidavits, if any, show that there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c) provides that a summary judgment, interlocutory in character, may be entered on the issue of liability alone even if there remains a genuine issue of fact as to the amount of damages. Summary judgment is an extreme remedy which should be allowed only when it is clear that there is no genuine issue of fact and the moving party is entitled to a judgment as a matter of law. *Johnson* v. *Stuckey and Spear, Inc.*, 11 Ark. App. 33, 665 S.W.2d 904 (1984). Although affidavits and documents in support of motions for summary judgment are construed against the moving party, once a prima facie showing of entitlement to summary judgment is made, the responding party must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact. *Pruitt* v. *Cargill, Inc.*, 284 Ark. 474, 683 S.W.2d 906 (1985); *Hughes Western World, Inc.* v. *Westmoor Manufacturing Co.*, 269 Ark. 300, 601 S.W.2d 826 (1980).

Appellants contend that they did controvert the prima facie showing of the appellees by attaching documents to their amended response which they claim contradicted the supporting documents of the appellees. That argument must fail for two reasons. The documents attached to the amended response were not abstracted and we do not know their content even though the appellants do refer to them in their argument. *Kitchens* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980). Of primary concern, however, is the fact that the response and attachments were untimely filed. Rule 56(c) requires that when a proper motion for summary judgment has been filed the adverse party must, *prior to the day of hearing*, serve opposing affidavits. Here, the affidavits on which the appellants would rely were not filed until the hearing on the motion for summary judgment was in progress. Opposing affidavits filed on the date of hearing are

untimely and run afoul of the express provisions of Rule 56(c) as well as the trial court's inherent power to control proceedings before it. Such affidavits and documents need not be considered by the court. *See Jones* v. *Menard*, 559 F.2d 1282 (5th Cir. 1977).

■ Appellants argue that the record contains testimony and pleadings alleging that several of the appellees actively solicited other appellees to invest in the securities and that the information was received by one appellee from another rather than from appellants. The testimony referred to appears to be that which was attached to the untimely response or taken *ore tenus* at the subsequent hearings on the question of damages. Rule 56 does not permit supplementation by oral testimony of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in considering whether summary judgment is appropriate. We therefore disregard the oral testimony for this purpose. *Montgomery Ward and Co.* v. *Credit*, 274 Ark. 66, 621 S.W.2d 855 (1981); *Sikes* v. *Segers*, 263 Ark. 164, 563 S.W.2d 441 (1978); *Dixie Furniture Co.* v. *Arkansas Power & Light Co.*, 19 Ark. App. 160, 718 S.W.2d 120 (1986). Appellants do not point out to us, and our examination of the record does not disclose, that the depositions to which they refer were filed in the case prior to the hearing on the motion.

Appellants next contend that the amount of damages was disputed and therefore summary judgment was improper. However, as noted above, Rule 56(c) provides that a summary judgment, interlocutory in character, may be rendered on the issue of liability alone, even if there is an issue of fact as to the amount of damages.

Appellants finally argue that the case had been set for jury trial prior to the two hearings on damages and that, even if the court had determined that summary judgment should be issued on liability, a jury trial on the issue of damages should have been held.

■ When the trial court rescheduled the hearing without a jury, there was no protest and the appellants appeared and presented their evidence to the court sitting without a jury. The issue of the right to trial by jury was not raised in the trial court and will not be considered on appeal in the absence of a valid objection being made to the action of the court at the time.

132

Affirmed.

COOPER and JENNINGS, JJ., agree.