George MATHEWS *v.* Woodrow GARNER, et al.

CA 88-5                                  751 S.W.2d 359

Court of Appeals of Arkansas
Division II
Opinion delivered June 15, 1988
[Rehearing denied August 17, 1988.]

*Lovell, Arnold & Nalley*, by: *John Doyle Nalley*, for appellant.

*Baxter, Eisele, Duncan & Jensen*, for appellees.

*Steve Clark*, Att'y Gen., by: *George A. Harper*, Special Asst. Att'y Gen., for appellee Ark. Dep't of Health.

GEORGE K. CRACRAFT, Judge. George Mathews appeals from a summary judgment entered in favor of Woodrow Garner, Earl Kirkpatrick, and Lonie Pettus, as directors of the Sardis Water Association, and the dismissal of his complaint with prejudice. Appellant contends that the chancellor erred in granting summary judgment because there were genuine issues as to material facts to be resolved, and because his ruling was based in part upon consideration of both oral testimony and a brief filed in support of the appellees' motion for summary judgment. We find no error and affirm.

Appellant filed a complaint alleging that he was owner of lands known as Sardis Suburbs Subdivision and that on August 13, 1985, the defendants, as directors of the water improvement district providing water to that area, contracted to supply water service to lots in the subdivision. He further alleged that on July 14, 1986, the appellees adopted a resolution suspending the issuance of all new "tie-ons" to the water district lines, and that, although they had supplied water to other persons, appellees had failed to supply water to appellant or those persons residing in appellant's subdivision. Appellant prayed for an order enjoining the appellees from supplying water to any additional customers until service to the subdivision had been supplied.

The appellees answered, admitting that such a contract had been entered into but stating that they had adopted a resolution stopping extension of water service to the appellant and all other persons because the Arkansas State Department of Health, the governing body of water associations within this state, entered an order directing the appellees not to initiate any new service contracts subsequent to July 23, 1986. Appellees further alleged that neither appellant nor any of the persons purchasing lots from appellant had applied for water service prior to the effective date of the Health Department ban, and they prayed that the complaint be dismissed.

The appellees then filed a motion for summary judgment in which they alleged that judgment should be granted in their favor because it was impossible for them to fulfill the terms of the contract with appellant due to the order issued by the Department

of Health prohibiting new tie-ons to the Sardis Water System. Attached to the motion was the affidavit of Bob Makin, an engineer-supervisor with the Department of Health, which stated that the department imposed a ban on new connections to the Sardis Water System in July of 1986 because of water supply problems the association was experiencing, and that the Sardis Water Association had no choice but to comply with the directive or otherwise be in violation of the law. He further averred that the ban was imposed on July 16, 1986, but provided for a seven-day grace period for the purpose of allowing those persons who had construction underway or who had otherwise committed themselves financially to live in the area an opportunity to be connected to the water system in order to prevent undue hardship to those individuals. He further averred that the ban on new connections was to be absolute with regard to anyone other than those who signed up during the grace period. Also attached were averments that notice of the ban and grace period was published.

The affidavit of Roger Moren, engineer-superintendent of the Sardis Water Association, was also attached to the motion for summary judgment. Mr. Moren averred that the appellant was present at the meeting where the ban and grace period were discussed, and that the water to his subdivision had not been supplied simply because he had not signed up for connection to the system during the grace period. He further averred that the refusal to supply appellant with water was based entirely upon the prohibiting order of the state agency.

Appellant filed a timely response to the motion asserting that there were material issues of fact to be resolved presented by the pleadings, specifically appellant's claim of entitlement to money damages. Contained in the response to the motion for summary judgment was a prayer that the matter be transferred to the Saline Circuit Court as all equitable issues had been resolved and rendered moot. No supporting documents were attached to the response. The court thereafter entered an order reciting that after consideration of the pleadings, the motion for summary judgment, the attached affidavits, the appellees' supporting brief, and the response to the motion, it found that the motion for summary judgment should be granted and entered an order dismissing the complaint with prejudice.

The appellant first contends that the chancellor's ruling was erroneous because there were genuine issues of a material fact to be resolved. We do not agree.

Motions for summary judgment are governed by Rule 56 of the Arkansas Rules of Civil Procedure, which provides that a judgment may be entered if the pleadings, depositions, answers, interrogatories, and admissions on file, in addition to affidavits, if any, show that there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Summary judgment is an extreme remedy which should be allowed only when it is clear that there is no genuine issue of fact and the moving party is entitled to a judgment as a matter of law. *Johnson* v. *Stuckey & Speer, Inc.*, 11 Ark. App. 33, 665 S.W.2d 904 (1984). Although affidavits and documents in support of motions for summary judgment are construed against the moving party, once a prima facie showing of entitlement to summary judgment is made, the responding party must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact. *Pruitt* v. *Cargill, Inc.*, 284 Ark. 474, 683 S.W.2d 906 (1985); *Hughes Western World, Inc.* v. *Westmoor Manufacturing Co.*, 269 Ark. 300, 601 S.W.2d 826 (1980); *McMullan* v. *Molnaird*, 24 Ark. App. 126, 749 S.W.2d 352 (1988).

Here, the affidavits submitted by appellees constituted proof that the Arkansas Department of Health had imposed an absolute ban against the water association's adding any new customers, that the association could not then provide service to appellant's subdivision without violating that order, and that the ban was the only reason for its refusal to provide that service. Our supreme court has recognized impossibility of performance as an excuse for failure to perform a contract, *see Frigillana* v. *Frigillana*, 266 Ark. 296, 584 S.W.2d 30 (1979), and other jurisdictions have stated sound reasons why the defense should be available where public service contracts are not performed because of valid orders of state or federal regulatory agencies. *See, e.g., Litman* v. *Peoples Natural Gas Co.*, 303 Pa. Super. 345, 449 A.2d 720 (1982). *See also* Restatement (Second) of Contracts § 264 (1979). We conclude that the appellees' proof as to their performance of the contract being impossible made out a prima facie case of their entitlement to judgment. As the

appellant filed no affidavits or submitted any other proof contradicting the averments of appellees' affidavits, he failed to meet proof with proof showing a genuine issue as to a material fact, and we conclude that the entry of summary judgment in favor of the appellees was correct.

Appellant also argues that the chancellor should not have considered the affidavits filed by officials of the water association because they were self-serving. We disagree. Rule 56 does not prohibit or limit the filing of self-serving affidavits, but it does require that affidavits establishing prima facie entitlement to judgment be controverted. *See* Ark. R. Civ. P. 56(e).

The appellant further contends that the court should have transferred the case to circuit court for further proceedings as the issues calling for purely equitable relief had been resolved or rendered moot. Appellant does not point out to us the basis for his assertion that the equitable issues had been resolved. The only issues before the court at any time were equitable ones—praying for injunctive relief. Although the appellant in his motion stated that there remained an issue of money damages, he does not point out or abstract for us any pleading in which money damages were requested. Additionally, a determination of impossibility of performance would negate any issue of damages for the failure to perform.

Appellant next contends that the chancellor erred in basing his decision on appellees' brief. The court recited in its order that it had considered, along with the supporting documents attached to the motion, the appellees' supporting brief. The brief as abstracted contains nothing more than a recitation of the facts set forth in the supporting documents attached to the motion for summary judgment, along with citations of law which appellees felt applicable to those facts. We find nothing in Rule 56 which prohibits a party from submitting his motion on briefs so long as he has submitted the necessary documents to support the materials contained in the brief. A brief containing citations on a complicated issue of law is always helpful to the court. This case is not one in which the trial court relied upon *allegations* in a brief, such as the supreme court spoke out against in *Guthrie* v. *Tyson Foods, Inc.*, 285 Ark. 95, 685 S.W.2d 164 (1985). Here, the judgment was based on facts recited in uncontroverted affidavits.

Moreover, even if the brief was disregarded, we would still conclude that the summary judgment in this case was correct.

 Appellant finally contends the chancellor committed reversible error in taking into consideration oral testimony prior to rendering the summary judgment. Rule 56 does not permit supplementation by oral testimony of the pleadings, depositions, answers, interrogatories, admissions on file, and affidavits filed in considering whether summary judgment is appropriate. *Montgomery Ward & Co., Inc.* v. *Credit*, 274 Ark. 66, 621 S.W.2d 855 (1981); *Dixie Furniture Co.* v. *Arkansas Power & Light Co.*, 19 Ark. App. 160, 718 S.W.2d 120 (1986). Here, although the court did take oral testimony on some preliminary matters many months prior to granting summary judgment, no oral testimony was taken at any hearing on the motion. Additionally, the court specifically recited those matters it considered in granting the motion, and "oral testimony" was not included in that recital. Furthermore, as in the two cases just cited, when the oral testimony is disregarded, there remains the uncontradicted affidavits which are sufficient to sustain a finding that there was no material issue of fact to be determined and that appellees were entitled to judgment as a matter of law.

Affirmed.

CORBIN, C.J., and COULSON, J., agree.