Nancy MUDDIMAN *v.* Nettie WALL and Marium Burks

CA 90-241.                                803 S.W.2d 945

Court of Appeals of Arkansas
Division II
Opinion delivered February 20, 1991
[Rehearing denied March 13, 1991.]

*Walker, Roaf, Campbell, Ivory & Dunklin*, by: *Andree L. Roaf*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts*, by: *Richard N. Watts*, for appellee.

JUDITH ROGERS, Judge. This appeal is from a summary judgment granted to appellees dismissing appellant's claim for damages for personal injuries, which she alleged she received while attempting to extinguish a fire on appellees' property. Because we find that issues of fact remained to be decided, we hold that the award of summary judgment was clearly erroneous and reverse.

In her complaint, appellant contends that, on January 9, appellees negligently dumped hot ashes into their yard causing a

fire and that, while attempting to extinguish this fire, she fell and was seriously injured. Appellees answered, admitting that an accident occurred on January 9 but generally denied that they were negligent in any manner. They further alleged that appellant was chargeable with contributory negligence which was the proximate cause of the incident and any damages she sustained.

Appellees moved for summary judgment, contending there were no factual issues in dispute and that appellant could not meet her burden of proof. In support of their motion, they attached their discovery deposition of appellant and the affidavits of Donald Moore and James Corley. In her deposition, appellant stated at one point that she did not actually see dumped ashes at the time of the fire but, at another point, stated that she did. She also stated that Donald Moore and James Corley saw the dumped ashes on the ground. The affidavits of Moore and Corley each contain the following statement: "I do not know how the fire started."

Appellant responded to appellees' motion but did not attach any affidavits or other evidence to her response. After reviewing the pleadings, interrogatories, appellees' deposition of appellant, and the affidavits attached to appellees motion, the circuit court granted appellees summary judgment, finding appellant had failed to meet proof with proof. This appeal followed.[1]

Summary judgment is an extreme remedy which should be allowed only when it is clear that there is no genuine issue of fact and the moving party is entitled to a judgment as a matter of law. *Mathews* v. *Garner*, 25 Ark. App. 27, 31, 751 S.W.2d 359, 361 (1988); Ark. R. Civ. P. 56(c). The burden of proving that there is no genuine issue of material fact is upon the party moving for summary judgment, and all proof submitted must be viewed in a

---

[1] In their brief, appellees contend that jurisdiction of this appeal belongs in the Arkansas Supreme Court, pursuant to Ark. Sup. Ct. R. 29(1)(o), as a case presenting a question in the law of torts. However, because the only issue involved in this appeal is whether the trial court properly granted summary judgment, the purpose of which is not to try issues, but to determine if there are issues of fact to be tried, we retain jurisdiction under Rule 29(1). *See Hensley* v. *White River Medical Center*, 28 Ark. 27, 770 S.W.2d 190 (1989); *see also Goodman* v. *Farmers & Merchants Bank*, 22 Ark. App. 41, 732 S.W.2d 866 (1987); *McLeroy* v. *Waller*, 21 Ark. App. 292, 731 S.W.2d 789 (1987).

light favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Guthrie* v. *Kemp*, 303 Ark. 74, 76, 793 S.W.2d 782, 783 (1990); *McCaleb* v. *Nat'l Bank of Commerce*, 25 Ark. App. 53, 59, 752 S.W.2d 54, 57 (1988). In considering a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to summary judgment. *Hallmark Cards, Inc.* v. *Peevy*, 293 Ark. 594, 599, 739 S.W.2d 691, 694 (1987).

■ Appellees argue that the trial court properly awarded summary judgment because appellant failed to attach any proof to her response to the summary judgment motion. Although appellees are correct in stating that, once a moving party makes a prima facie case that a summary judgment motion should be granted, the non-moving party then must come forward with proof showing there is a genuine question in dispute, *Mathews*, 25 Ark. App. at 31, 751 S.W.2d at 361, it does not automatically follow that the moving party is entitled to summary judgment simply because no affidavits were filed in response to a motion. *See Montgomery Ward & Co.* v. *Credit*, 274 Ark. 66, 68, 621 S.W.2d 855, 856 (1981).

It was not necessary for appellee to include additional evidence in support of her response to the summary judgment motion because her pleading and answers to appellees' discovery present proof of a genuine dispute as to an issue of fact. Appellant testified in her deposition that she and James Corley saw the dumped ashes on the ground and that Donald Moore also saw the ashes and a burn trail from the ashes to the fire. Appellant also responded to some interrogatories propounded by appellees in which she provided the names of James Corley, Bill Rice, and Donald Moore as witnesses who would testify as to their knowledge of the circumstances surrounding the fire, the presence of fireplace ashes in the burned area, and the appellees' propensity to throw fireplace ashes into their yard.

■ This evidence was sufficient to raise the issue of whether appellees negligently threw fireplace ashes into their yard causing a fire, and appellees did not offer any proof to refute this issue.

They did not deny that they threw ashes into their yard, and the affidavits of Moore and Corley merely state that they do not know the cause of the fire. Therefore, whether appellees were negligent remained a fact in issue, and it was not necessary for appellant to offer additional evidence to withstand their summary judgment motion. The object of summary judgment is not to try the issues but to determine if there are issues of fact to be tried; the burden is on the moving party and cannot be shifted when there is no offer of proof on a controverted issue. *Collyard* v. *American Home Assurance Co.*, 271 Ark. 228, 230, 607 S.W.2d 666, 668 (1980).

Our decision here is similar to the finding in *Collyard* v. *American Home, supra*, where the supreme court reversed a summary judgment in favor of the appellee defendant. There, the appellant sued the appellee, insurance carrier for the YMCA, for injuries she alleged resulted from a slip-and-fall at the YMCA, contending that the YMCA was negligent in permitting water to remain on the floor and such negligence caused her accident. The appellant filed a general denial and set up specifically the defense of contributory negligence and assumption of the risk. The appellee also moved for summary judgment. The only evidence the appellee produced in support of its motion was the deposition of the appellant. Relying on cases which hold that a slip-and-fall is not alone sufficient to prove negligence and that it must be proved that the substance was negligently placed there, the trial court found there was not a factual issue as to whether the YMCA acted negligently, because the appellant stated in her deposition that she did not know how the water got on the floor or how long it had been there. In reversing the award of summary judgment, the supreme court held that, while the trial court correctly stated the law in regard to slip-and-fall cases, it did not relate to whether a summary judgment should have been granted. The court stated:

> The trial judge ruled that since the appellant did not respond to the motion by a counter-affidavit or proof that the water had been negligently placed there or allowed to remain there, the fact was not in issue. Rules of Civil Procedure, Rule 56, was cited for this conclusion.

> Rule 56 makes no such requirement. The appellant alleged negligence on the part of the YMCA. The appellee

never controverted this allegation by affidavit or other proof. It simply offered the deposition of Collyard that *she* did not know how the water got there or how long it had been there. The appellee and trial judge mistakenly presume that the burden was on Collyard to come forward with additional proof on this issue. . . .

Whether the YMCA was negligent remained a fact in issue. If appellant had offered proof that the YMCA was not negligent, then Collyard would have had to produce a counter-affidavit or proof refuting the offer. But that was not the case. The appellee based its motion only on the deposition of Collyard, the plaintiff. The allegation in the complaint remained uncontroverted and Collyard should be permitted to present other evidence on that fact.

*Collyard*, 271 Ark. at 229-30, 607 S.W.2d at 668. Like *Collyard*, the appellees here offered no proof that they were not negligent; they simply offered proof that several witnesses did not know the cause of the fire.

Based on the foregoing, we find it was error to grant summary judgment.

Reversed and remanded.

CRACRAFT, C.J., and JENNINGS, J., agree.