David HUNTER *v.* STATE of Arkansas

CR 97-529 952 S.W.2d 145

Supreme Court of Arkansas
Opinion delivered October 9, 1997

*Hatfield & Lassiter*, by: *Jack T. Lassiter* and *Karen D. Miller*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant David Hunter appeals his convictions for the sale of unregistered securities, securities fraud, and theft of property, for which he has been sentenced to a total of forty-six years' imprisonment. On appeal, he contends: (1) that the trial court erred in denying his motion for a directed verdict because of insufficient evidence to sustain the charge of selling unregistered securities; (2) that it erred in denying his

motion for a directed verdict on the basis of the statute of limitations on the charge of securities fraud; and (3) that denial of these two motions violated his right to due process of law on the charge of theft of property. We find no merit in these arguments and affirm.

Appellant claimed that he invented or owned the rights to an invention of a patented device to prevent jackknifing of tractor-trailer trucks. The device was invented by O'Neal Sanders, who was granted a patent on October 17, 1978. Appellant met Mr. Sanders and persuaded him to install a working model of the invention on his horse trailer and truck. On October 21, 1980, a purported agreement was executed transferring Mr. Sanders's rights in the invention to appellant. The evidence compels the conclusion that Mr. Sanders did not sign this purported agreement that was eventually filed with the Patent and Trademark Office on August 13, 1987.

Appellant incorporated Drivers Ace, Inc., in November 1987. Prospective investors in Drivers Ace, Inc., were informed that the corporation held the patent rights to manufacture the device. Appellant continued to promote the invention, sometimes claiming that he was the inventor. On December 3, 1992, Drivers Ace entered into an agreement with Marvin Engineering Co., Inc., of Inglewood, California, granting Marvin the exclusive license to manufacture the device worldwide.

Peter Brocklesby witnessed this agreement on December 3. On January 21, 1993, Mr. Brocklesby and another investor, Norbert von Boode, transferred $250,000 to the Drivers Ace, Inc., account in the First National Bank of Sharp County. This sum was to pay for 125 shares of stock in Drivers Ace at $2,000 per share, and the stock was issued February 3, 1993. Before the certificate was issued and on the same day that the sum of $250,000 was deposited in the Drivers Ace account, appellant wired $180,000 from the Drivers Ace account to his personal account in the First Ozark National Bank in Flippin, Arkansas.

Appellant argues that this transaction cannot be the basis for prosecution for securities fraud and for theft, that the charge of securities fraud is barred by the statute of limitations, and that the

State did not prove the required elements of the crime of selling unregistered or nonexempt securities. We turn to our analysis of each of these arguments.

 Appellant's first two points for reversal involve his motions for directed verdicts, which we treat as challenges to the sufficiency of the evidence. *Williams v. State*, 329 Ark. 8, 946 S.W.2d 678 (1997). We consider challenges to the sufficiency of the evidence before we address other allegations of trial error. *Harris v. State*, 284 Ark. 247, 681 S.W.2d 334 (1984). The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Id*. Evidence is substantial if it is forceful enough to compel a conclusion one way or the other beyond speculation and conjecture. *Id*. We review the evidence in the light most favorable to the party opposing the motion and consider only the evidence that supports the verdict. *Id*.

At trial, appellant's counsel made motions for directed verdicts on two charges, the sale of unregistered securities and securities fraud. Appellant moved for directed verdicts after the State's case-in-chief and properly renewed his motions, which the trial court denied. We examine each motion separately below.

*Sale of Unregistered Nonexempt Securities:*

With respect to the charge of selling unregistered nonexempt securities, appellant argues that the State failed to meet its burden of proof with respect to the charge. This argument lacks merit.

 The statute delineating the offense provides as follows:

It is unlawful for any person to offer or sell any security in this state unless:

(1) It is registered under this chapter; or

(2) The security or transaction is exempted under § § 23-42-503 or 23-42-504.

Ark. Code Ann. § 23-42-501 (Repl. 1994). As appellant correctly states, the burden of proof is on the State to show that a sale of, or an offer to sell, an unregistered security took place. However, once the State has met that burden, the burden shifts to the

seller to show that the security was either exempt from registration or was registered. *Schultz v. Rector-Phillips-Morse, Inc.*, 261 Ark. 769, 552 S.W.2d 4 (1977); *McMullan v. Molnaird*, 24 Ark. App. 126, 749 S.W.2d 352 (1988).

Under Ark. Code Ann. § 23-42-504 (Supp. 1995), certain transactions are exempt from § § 23-42-501 and 23-42-502. Specifically, under subsection (a)(9)(A), stock offers to twenty-five people or less are exempted. However, Ark. Code Ann. § 23-42-506 (Repl. 1994) provides: "In any proceding under this chapter, the burden of proving an exemption or exception from an exemption is upon the person claiming it." The statute requires that a proof of exemption be filed with the commissioner to prove that the transaction was exempt. Ark. Code Ann. § 23-42-503(d)(1) (Supp. 1995). Appellant made no such showing at trial.

■ The State clearly proved that the sale of 125 shares of Drivers Ace stock to Mr. Brocklesby and Mr. von Boode, which was dated February 3, 1993, was a sale of securities. The State proved that the stock was not registered. The burden under Arkansas law then shifted to appellant to prove that the securities were exempt from registration. Appellant failed to meet this burden. There was sufficient evidence to sustain a conviction, and we affirm the trial court's decision on this point.

*Fraud in Connection with Offer, Sale, or Purchase of Securities:*

For his second point of appeal, appellant urges error in denying his motion for directed verdict based on the securities-fraud charge. In trial, counsel stated the following:

> Mr. Adams: Comes now the defendant, Mr. Hunter, and moves that the Court direct a verdict of acquittal on the charges as follows: On the charge of securities fraud, the allegations set forth in the Information and the allegation of the State was that there was the use of a forged document to defraud persons to purchase shares of stock in Drivers Ace. That document is dated more than five years before the filing of this Information. There has been no testimony that the document was shown to anybody within five years of the filing of this Information. In fact, the only person who made any reference to it in his testimony said that his last contact with David Hunter was prior to the year

1990. The Statute of Limitations has clearly run on that allegation and should be dismissed.

The State countered at trial with the argument that the act used for purposes of tolling the statute may be the last act in a chain of conduct, and that the act in this case began with showing Mr. Brocklesby and Mr. Parker the license and ended with the sale to Messrs. Brocklesby and von Boode in 1993. The State contended that the last act in the chain occurred in 1993 and that this act tolled the statute.

On appeal, appellant attempts to argue that the State failed to produce sufficient evidence that "the defendant made a statement that [he] and Drivers Ace, Inc., had an agreement with the owner of a patent on an anti-jackknifing device for large tractor trailer rigs permitting Drivers Ace, Inc., to manufacture and market the device and that the statement was not true."

■ ■ Our law is well established that in order to preserve the challenge for our review, the movant must apprise the trial court of the specific basis on which the motion is made. *Stewart v. State*, 320 Ark. 75, 894 S.W.2d 930 (1995). Parties may not change their argument on appeal and are limited to the scope and nature of their arguments made below. *Id.* Proof of the specific element of the alleged crime must be identified in the motion for directed verdict in order to preserve the argument for appeal. *Miller v. State*, 328 Ark. 121, 942 S.W.2d 825 (1997).

■ As the trial language quoted above illustrates, the only portion of appellant's argument on this point that is preserved for our review is the argument that the State failed to show that the fraud occurred within the preceding five-year period, as required under the statute of limitations. His argument regarding the sufficiency of the evidence was not made before the trial court and is therefore not preserved for our review.

The issue is whether the act alleged in violation of Ark. Code Ann. § 23-42-507 (Repl. 1994), was beyond the statute of limitations found in Ark. Code Ann. § 23-42-105 (Repl. 1994). The statute of limitations for this felony offense is five years, and it "does not begin to run until after the commission of the last overt

act in the furtherance of a scheme or course of conduct." Ark. Code Ann. § 23-42-105(a).

Arkansas Code Annotated § 23-42-507 provides as follows:

It is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly:

(1) To employ any device, scheme, or artifice to defraud;

(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or

(3) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

The affidavit for warrant of arrest for appellant alleges that appellant's violation of the statute involved a breach of subsection (2), making an untrue statement of material fact in connection with the offer, sale, or purchase of any security. The warrant stated that appellant made such a statement many times in connection with the sales and offers of stock in Drivers Ace, Inc. The affidavit claimed that the untrue statement was that appellant and Drivers Ace had an agreement with the inventor to manufacture and market the anti-jackknifing device. The fraud that appellant allegedly perpetrated was telling potential investors that the company had a license to use another's patent to manufacture a device that would constitute the sole business of the company.

The evidence clearly shows that appellant's acts in selling security in a company that makes and manufactures an invention that he claimed to have the right to manufacture and sell constituted fraud or deceit upon many persons within the five-year period preceding January 29, 1996. The abstract and record are replete with examples of appellant's false statements or misrepresentations connected with the ongoing sale of this stock that culminated in the February 1993 exchange.

Reading the statute and viewing the evidence in the light most favorable to the State, we conclude that the evidence of appellant's actions in offering stock in a company that he founded

on a fraudulent premise constituted the last overt act in the furtherance of a scheme or course of conduct as required under statute. The course of conduct culminated in the sale of the stock on February 3, 1993, and commenced the running of the five-year statute of limitations. We affirm the trial court's decision on this point.

*Theft of Property:*

As his last point of appeal, appellant argues that consideration of the charge of theft of property along with the two securities charges, which he argues should have been dismissed on his motions for directed verdicts, constituted a denial of his due process rights. Before the trial court, appellant argued that the State could not use the 1993 stock sale for both the purpose of tolling the statute of limitations for violations of § 23-42-507 and as a basis for liability under § 5-36-103 (Supp. 1995), the theft of property charge.

On appeal, appellant asserts merely that submitting these two securities charges to the jury with the theft charge denied him a fair trial in violation of his due process rights. Appellant clearly did not raise this issue before the trial court, and he cannot raise it for the first time on appeal. Arguments, even constitutional ones, that are not raised before the trial court are barred on appeal. *Dulaney v. State*, 327 Ark. 30, 937 S.W.2d 162 (1997).

Affirmed.