STIPP v. JENKINS.

5-3424 386 S. W. 2d 695

Opinion Delivered February 15, 1965.

16

*Crouch, Blair* and *Cypert,* for appellant.

No brief filed for appellee.

JIM JOHNSON, Associate Justice. This is a suit for double damages and attorneys' fees under the provisions of Ark. Stat. Ann. § 75-918 (Repl. 1957) on small property damage claims.

On September 4, 1963, an automobile driven by the wife of appellee Vester Jenkins collided with the rear of the car owned and driven by appellant Horace P. Stipp, who had pulled onto a slick highway ahead of her. Appellee filed suit on January 16, 1964, in Benton Circuit Court, alleging that appellee owned the car driven by his wife, that appellant's negligence in failing to yield the right of way proximately caused damage to appellee's car in the sum of $180.00, that sixty days had elapsed since demand was made for payment, and that appellant had denied liability and refused to pay. The complaint prayed for double damages and attorneys' fees under the provisions of § 75-918, *supra.*

The parties having waived a jury, the cause was tried before the court on April 15, 1964. The court found that appellant's negligence was the proximate cause of the damage, that appellee's automobile sustained damages in the reasonable sum of $130.80, formal demand for damages was made to appellant on October 31, 1963, which he failed and refused to pay within sixty days after written demand; and specifically found that ap-

pellant had no meritorious defense justifying his failure or refusal to pay the claim and appellee is entitled to judgment for double damages plus attorneys' fee and costs. From the judgment appellant has prosecuted this appeal.

Before discussing the questions here involved, we wish to state that this court has been inflicted with a rash of violations of our Procedural Rule 12(d). In an effort to remedy this, we remind the Bar that: "Where evidence is offered by depositions, by requests for admissions, or by interrogatories: in making up the record, the answers must follow immediately after the questions to which they are responsive."

In the case at bar, appellant's first point urged for reversal is that "there is no substantial evidence to sustain the trial court's findings, and the trial court should have directed a verdict in favor of appellant, on the following grounds:

"(A) Appellee Vester Jenkins was not the proper party in this suit since his son was in fact the owner of the vehicle involved in the collision."

Appellee and his wife in their testimony referred to the damaged car as their son's car, however they both testified that title was in appellee's name and appellee testified that he had bought and paid for the car. With such uncontroverted testimony, ownership of the car properly became a question for determination by the trier of fact.

"(B) The measure of damages to the Jenkins vehicle was not sufficiently proved by the evidence."

Appellee testified that the car was worth $2,400 before the accident and the value immediately after the accident was $2,220. He testified what damage was done to the car (i.e., what parts were damaged) and introduced into evidence without objection repair estimates from three garages. This testimony amounted to substantial evidence in compliance with Ark. Stat. Ann. § 75-919 (Repl. 1957). See *Beggs* v. *Stalnaker,* 237 Ark. 281, 372 S. W. 2d 600.

The next point urged by appellant is that the trial court erred in finding that appellant was liable for double damages and attorneys' fees when there was no evidence that demand had been made upon appellant as required by Ark. Stat. Ann. § 75-918.

Appellee called appellant as a witness and on direct examination asked appellant to identify a paper as a carbon copy of a letter appellee had written appellant on October 30, 1963. Appellant identified it as such, and the carbon copy was introduced into evidence. The carbon copy was dated October 30, 1963, and contained all the information necessary to comply with the provisions of Ark. Stat. Ann. § 75-918 *et seq.* Appellant never denied its authenticity. We cannot say there is no substantial evidence from which the court could have found the requisite sixty day notice.

Appellant's final contention is that the trial court erred in considering the lowest repair estimate introduced into evidence by appellee when, in fact, the Jenkins vehicle was never repaired. This contention is without merit. The question here is the damage or injury to appellee's personal property. Repair of that damage or injury is immaterial.

The point saved in *Ford* v. *Markham,* 235 Ark. 1025, 363 S. W. 2d 926, on entitlement to double damages and attorneys' fee in the case of a partial recovery, although initially raised, was stricken from the briefs in the case at bar and is therefore again not before us.

The findings of the trial court being supported by substantial evidence, the judgment is affirmed.