Sammy CHILDS and Harry L. CHILDS *v.*
Chester Douglas BERRY, Jr.

CA 79-245                                   597 S.W. 2d 134

Court of Appeals of Arkansas
Opinion delivered April 2, 1980
Released for publication April 23, 1980

*J. Sky Tapp,* for appellants.

*Charles G. Vaccaro,* for appellee.

GEORGE HOWARD, Jr. Judge. This is an appeal from a summary judgment on the issue of liability and a jury's verdict awarding appellee $13,000.00 in appellee's action for false imprisonment, assault and battery.

On July 25, 1976, at approximately 11:30 p.m., Sammy Childs, the son of Harry L. Childs who is the owner of "Childs Fabricating," observed two figures in the process of burglarizing a building of his father's firm. The building was enclosed by a fence. Sammy observed one of the firm's trucks backed up to the fence and a motorcycle parked nearby. As Sammy approached the building, one of the individuals ran to the truck and yelled "Run, Doug, Run." Sammy kicked the individual two or three times and "jerked him out from underneath the fence." Sammy discovered that the individual was appellee whom he knew. Appellee told Sammy that the individual who drove off in the firm's truck was Roger, an employee of the firm.

Sammy carried appellee to the home of Harry L. Childs. Subsequently, appellee was carried to a shop building and was handcuffed to a column until Harry, sometime later, decided to summon the police.

Appellee filed a lawsuit against appellants seeking recovery of $25,000.00 for false imprisonment, assault and battery. The appellants answered by filing a general denial. The appellee served the following requests for admission which were admitted by appellants:

1. Sammy Childs struck the plaintiff several times.

2. Harry L. Childs approved of the striking of the plaintiff by his son.

3. Harry L. Childs attempted to strike the plaintiff.

4. Denied that appellee was "forcible and against the will of the plaintiff" taken to "your shop . . . and handcuffed . . . to a column," but "he came freely."

Appellee submitted three affidavits in support of his motion for summary judgment.

Appellants, in resisting the motion for summary judgment, filed their response and the affidavits of Harry L. Childs, Sammy Childs and Charles Duboise.

The trial court granted a summary judgment on the issue of liability, but held that there was a genuine issue of fact relative to damages.

The jury awarded appellee $13,000.00 in damages — $3,000.00 as compensatory damages and $10,000.00 in punitive damages.

The appellants have designated ten points for reversal.

First, appellants contend that the trial court erred in granting a summary judgment to appellee on the issue of liability.

Rule 56 of the Rules of Civil Procedure provides:

"(c) . . . A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

Where the facts are not disputed and the law can be applied, a summary judgment is an appropriate means of avoiding the expense and time of a formal trial. *Ashley* v. *Eisele,* 247 Ark. 281, 445 S.W. 2d 76.

Appellee alleged in his complaint that he was falsely imprisoned, detained and restrained by appellants against his will; that appellants intentionally, wantonly, and willfully and with malice, did beat, kick and batter appellee without cause. Appellants filed a general denial to the complaint.

In response to requests for admission, appellants admitted that appellee was handcuffed to a pole, kicked several times and detained for approximately an hour and a half before the police were summoned.

It is plain that there was no genuine issue of fact regarding the question of liability. We hold that the trial court was correct in granting a summary judgment on the issue of liability.

Appellants argue that the verdict is both excessive and unsupported by the evidence.

We are persuaded that there is substantial evidence to support the verdict of the jury. Appellee was apprehended, kicked several times, while on the ground, and was compelled to accompany Sammy to the home of Harry Childs who admitted that he attempted to strike appellee; appellee was required to accompany Sammy and Harry to a building where appellee was handcuffed to a column. One and one-half hours later, appellee was taken into custody by police and remained in jail for three weeks. Appellee lost $350.00 in wages, sustained physical injuries over and about his body, including a swollen nose, black eyes, cuts and bruises about his face, and mental anguish.

Appellants argue that appellee is a convicted felon and as a consequence, his claim of damages for humiliation has no basis in fact. The question of damages, as the trial court held, presents a fact question to be resolved by the jury. We are unable to say, from this record, that the jury's verdict is not supported by substantial evidence or is excessive because appellee is a convicted felon. Moreover, it must be remembered that even a convicted felon has rights and privileges which are secured to him under the laws and constitutions of the State of Arkansas and the United States.

Finally, appellants have asserted numerous purported errors on the part of the trial court in its instructions to the jury. In an effort not to prolong this opinion, we deem it sufficient to state that we have carefully reviewed all of the claims of error by the appellants and hold that we find no prejudicial error.

Affirmed.