Milton LUBIN, M.D. *v.* CRITTENDEN HOSPITAL
ASSOCIATION, A Corporation, R.F. Scruggs, Hugh B.
Chalmers, et al.

87-355                                    748 S.W.2d 663

Supreme Court of Arkansas
Opinion delivered May 9, 1988

*N. Alan Lubin*, and *Fletcher Long, Jr.*, for appellant.

*James A. Johnson, Jr., John C. Deacon*, and *Gerald A. Coleman*, for appellees.

ROBERT H. DUDLEY, Justice. Appellant, Milton Lubin, a medical doctor, has been a member of the medical staff of Crittenden Memorial Hospital in West Memphis since 1953. In 1980, complaints were made to hospital authorities about some of appellant's comments made in the presence of nurses and other hospital employees. The hospital's board of trustees notified appellant that a hearing would be held to determine if he had violated the by-laws of the hospital association. After a hearing the board placed appellant on unsupervised probation for one year with no restrictions on his hospital privileges. Appellant responded by filing a civil rights action in federal court against the hospital and its trustees alleging that the disciplinary action deprived him of due process. The federal district court held that the action of the hospital was a purely private action, not a state action, and 42 U.S.C. § 1983 did not afford a basis for federal subject matter jurisdiction. The Eighth Circuit Court of Appeals affirmed in *Lubin* v. *Crittenden Hosp. Ass'n*, 713 F.2d 414 (1983), *cert. denied*, 465 U.S. 1025 (1984). Appellant then filed this suit in state court. The trial court held the state action was not timely filed and dismissed the complaint. We reversed and remanded. *Lubin* v. *Crittenden Memorial Hosp.*, 288 Ark. 370, 705 S.W.2d 872 (1986). Upon remand, the defendants, appellees, filed a motion for summary judgment with affidavits and supporting documents. The appellant filed a counter-affidavit. The trial court granted the summary judgment. We affirm.

The appellant argues that the complaint contains allegations that appellees denied him due process; that appellees entered into a civil conspiracy to harm his reputation as a medical doctor; that the hospital association breached a contract between the association and appellant; and that genuine issues of material fact remain to be decided on each count.

In *Brandt* v. *St. Vincent Infirmary*, 287 Ark. 431, 701 S.W.2d 103 (1985), we decided that a private hospital, in an internal administrative proceeding, is not subject to the reasonableness standards of the equal protection clause and due process clause of the fourteenth amendment to the United States Constitution or under Ark. Const. art. 2, §§ 2 and 3. The appellee hospital is a private hospital. *Lubin* v. *Crittenden Hosp. Ass'n*, 713 F.2d 414 (8th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). Thus, it was not necessary for the appellees to afford the appellant

due process in deciding whether to discipline him. The due process allegation of the complaint therefore could not state a claim for relief, and this is a valid basis for granting summary judgment. *Joey Brown Interest, Inc.* v. *Merchants Nat'l Bank*, 284 Ark. 418, 683 S.W.2d 601 (1985). The trial court ruled correctly in granting summary judgment on this count of the complaint.

In the argument section of his brief the appellant does not favor us with the specific reason he contends the trial court erred in ruling that the appellees were entitled to a summary judgment on the count involving the alleged conspiracy. He only gives us general conclusions.

The complaint on the point, as abstracted by appellant is as follows:

Appellant, Milton Lubin, filed his Complaint at Law (T.01-09) alleging the following:

A. Civil conspiracy between Appellee to injury his professional reputation and damage to his medical practice by misuse of hospital By-Laws and disciplinary procedure to attempt to discipline him.

The appellees denied this allegation in their answer. In appellant's deposition, which was attached to appellee's motion for summary judgment as a supporting document, the appellant admitted that he had no evidence of conspiracy against eight of the board members. In affidavits also attached to the motion as a supporting document, five of the appellees state that they did not conspire with anyone to harm the appellant. In his counter-affidavit, the appellant did not go forward and meet the above proof with proof of his own. Instead, he again denied the allegations and termed them conclusory. He further affirmed "that his investigation had now revealed evidence which confirms his allegations of conspiracy," but he did not state what his investigation consisted of, what new proof he had, or what the conspiracy was. Our summary judgment rule requires that an affidavit in response to a motion for summary judgment be made on personal knowledge and set forth specific facts showing there is a genuine issue for trial. *Hughes Western World, Inc.* v. *Westmoor Mfg. Co.*, 269 Ark. 300, 601 S.W.2d 826 (1980).

Here, there was no positive statement based upon personal knowledge to show that the appellees attempted to do an unlawful act, or achieve some unlawful purpose through a series of lawful acts.

Finally, the appellant complains that the trial court dismissed the count alleging breach of contract. The count is abstracted by appellant as follows: "His contract with Crittenden Hospital was tortiously breached by the actions of the Appellees." The appellees argued, and the trial court apparently agreed that the above count was an allegation based upon the by-laws of the hospital association. Appellant does not favor us with a specific statement about the basis of the count, and we can only assume that the trial court's assessment of the complaint was correct since, in his counter-affidavit the appellant stated the by-laws were not followed.

The appellees attached supporting documents indicating compliance with the by-laws. The appellant, in his counter-affidavit stated the by-laws were not complied with, but did not state specifically how the appellees failed to comply with the by-laws. Again, there was no positive statement based upon personal knowledge to show that appellees breached an implied contract which was created by the by-laws.

In brief, ARCP Rule 56(e) provides that when a motion for summary judgment is made and supported by affidavits and other documents, the adverse party may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial.

Affirmed.