Bertie NEEL *v.* CITIZENS FIRST STATE BANK OF
ARKADELPHIA

CA 88-380                                                771 S.W.2d 303

Court of Appeals of Arkansas
Division II
Opinion delivered May 31, 1989

*Daniel D. Becker*, for appellant.

*Baxter, Eisele, Duncan & Jensen*, for appellee.

MELVIN MAYFIELD, Judge. Bertie Neel appeals a summary judgment granted to appellee, Citizens First Bank, in a lawsuit based upon the bank's alleged wrongful dishonor of three checks. Appellant argues that the circuit court erred in (1) granting summary judgment to the bank because there were genuine issues of material fact, and (2) in applying the law regarding right of set-off and repossession and sale of collateral. We disagree and affirm.

The facts in this case, established by affidavits and other matters of record, show that on August 1, 1986, appellant signed a note for $5,370.24 to the bank for the purchase of an automobile. The note gave the bank the right to set off any amount owed by appellant under the note against any right appellant had to receive money from the bank, including money held in a checking account. Appellant also gave appellee a security interest in the

automobile. The security agreement contained the following statement:

> [A]ll sums secured hereby shall become immediately due and payable at Secured Party's option without notice to Debtor, and Secured Party may proceed to enforce payment of the same and to exercise any or all of the rights and remedies provided by the Uniform Commercial Code, as well as all other rights and remedies possessed by Secured Party.

Appellant also maintained a checking account with the bank. The checking account agreement stated:

> By signing this form [appellant] agree[s] that we may at any time (and without prior notice, except as prohibited by law) set-off the funds in this account against any debt owed to us now or in the future, by any of you having the right of withdrawal, subject to any limit on the right of withdrawal from this account by such person or legal entity.

Appellant became delinquent on the loan payments, and after several attempts on the part of the bank to work with appellant to bring her loan payments up to date, the bank repossessed the automobile on July 15, 1987. Because the bank believed a sale of the automobile would not completely satisfy the balance due on the loan, the bank placed a hold on appellant's checking account on July 16, 1987, when a $3,900.00 deposit was made to that account. On July 17, 1987, a $3,285.00 check written by appellant to First Bank of Gurdon was returned to the appellee bank. Appellee consulted with its attorney and, at his instructions, released the hold on appellant's account while the attorney researched the propriety of proceeding against the collateral and employing a set-off against the account. Several checks were allowed to clear appellant's account at this time. On July 20, appellant made a $3,325.00 deposit to her checking account, and two checks were paid. On July 21, three more checks cleared appellant's account.

On July 22, attorney for the appellee bank instructed it that a hold order could be placed on appellant's checking account, and on that day, the bank placed a $3,590.00 hold on the account. Also on that day, a bank in Benton called the appellee bank and

indicated that it was returning a $3,200.00 check that had been ·deposited by appellant on July 20. On July 23, the $3,590.00 hold was released, and a $7,700.00 hold was put on appellant's checking account. This was to take care of the $3,200.00 check and about $4,600.00 due on appellant's loan from the appellee bank. After the $3,200.00 check was charged back to appellant's account, the appellee bank applied a $2,924.55 set-off from appellant's checking account to her loan.

This left a balance of over $1,600.00 due on appellant's debt, and after notice, the appellee purchased the automobile for $3,400.00. Only one other bid was received at the sale. That bid was $1,350.00, and the appellee considered it to be inadequate. After the payment of sale expenses and attorney's fees, appellee returned the excess of the sale proceeds in the amount of $1,597.33 to appellant.

In her response to appellee's motion for summary judgment, appellant argued that a factual dispute existed and that she was entitled to proceed to trial. However, she did not supply any affidavits to counter the affidavits offered by appellee. On June 13, 1988, counsel for the parties argued the propriety of the entry of summary judgment. At that time, appellant's attorney agreed to let the circuit court decide the matter on the pleadings and stated: "[y]our Honor, the reason we didn't file anything, we don't have any disagreement on the facts. I mean she can't swear to the law and the law is all we've got to argue about, so. . . . Well, we're not arguing any of the facts, so there's no point in swearing."

Summary judgment is an extreme remedy and should be granted only when it is clear that there is no issue of fact to be decided. *Johnson* v. *Stuckey & Speer, Inc.*, 11 Ark. App. 33, 665 S.W.2d 904 (1984). The object of summary judgment is not to determine any issue of fact, but to determine whether there is an issue of fact to be tried; if there is any doubt, the motion should be denied. *Rowland* v. *Gastroenterology Associates, P.A.*, 280 Ark. 278, 657 S.W.2d 536 (1983). On appeal, we must view the evidence in the light most favorable to the party opposing the motion for summary judgment. *Hughes Western World, Inc.* v. *Westmoor Manufacturing Co.*, 269 Ark. 300, 601 S.W.2d 826 (1980). Once the moving party makes a prima facie showing of entitlement to summary judgment, the party opposing summary

judgment must meet proof with proof by showing a genuine issue as to a material fact. *Hughes Western World*, 269 Ark. at 301, 601 S.W.2d at 826-27. Where the facts are not disputed and the law can be applied, a summary judgment is an appropriate means of avoiding the expense and time of a formal trial. *Childs* v. *Berry*, 268 Ark. 970, 973, 597 S.W.2d 134, 135 (Ark. App. 1980).

■ Appellant's argument that issues of fact remain to be tried is entirely inconsistent with her position below. First, appellant offered no proof in response to appellee's affidavits and exhibits. Second, appellant clearly waived this issue and agreed with appellee that no material issues of fact remained for trial. Accordingly, appellant may not assert this argument on appeal. *See Briscoe* v. *Shoppers News, Inc.*, 10 Ark. App. 395, 401, 664 S.W.2d 886 (1984) (one may not complain of action he has induced, consented to, or acquiesced in).

We also find no error in the circuit court's application of the law to the facts of the case. Appellant argues that appellee should have chosen its remedy and that it could not exercise its rights of repossession and sale and set-off simultaneously. Appellant further argues that, if these remedies could be exercised simultaneously, appellee should not have exercised its right of set-off without first subtracting the fair market value of the collateral from the amount owed. We do not think any of the cases cited by appellant supports her argument. Moreover, our review of the Uniform Commercial Code and the relevant case law reveals no reason why a bank cannot set off a depositor's account for an overdue debt and exercise its right to repossess collateral securing that debt simultaneously. Ark. Code Ann. Section 4-4-303 (1987) recognizes a bank's right to set off funds in a depositor's account against that depositor's overdue loan balance. In *Clay County Bank* v. *First National Bank*, 178 Ark. 989, 993, 13 S.W.2d 595, 596 (1929), the supreme court stated that "[a] bank has a right to set-off against an overdue note of a depositor so much of the deposit as is required to discharge the note."

■ Arkansas Code Annotated Section 4-9-501(1) (1987) provides as follows:

When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this part and except as limited by subsection (3) those

provided in the security agreement. He may reduce his claim to judgment, foreclose, or otherwise enforce the security interest by any available judicial procedure. If the collateral is documents the secured party may proceed either as to the documents or as to the goods covered thereby. A secured party in possession has the rights, remedies, and duties provided in Section 4-9-207. The rights and remedies referred to in this subsection are cumulative.

Here, neither the funds in the checking account nor the fair market value of the car were alone sufficient to pay the outstanding debt. That the sale of the automobile was commercially reasonable is not questioned; neither is it disputed that appellee gave appellant the excess proceeds received from its sale. Further, the note and checking account agreement authorized set-off in the event of appellant's default. We believe that the remedies available to appellee in the event of appellant's default were cumulative, and under the circumstances of this case at least, the appellee could pursue its rights of set-off and repossession and sale simultaneously. *See Merchants & Planters Bank v. Meyer*, 56 Ark. 499 (in some volumes this case is found at 473), 20 S.W. 406 (1892); B. Clark, *The Law of Bank Deposits, Collections and Credit Cards* Section 11.13 (rev. ed. 1981); T. Quinn, *Uniform Commercial Code Commentary and Law Digest* Section 9-501[A][7] (1978).

Affirmed.

JENNINGS and ROGERS, JJ., agree.