Elsie M. BLACK and George BLACK, Sr. *v.* AMERICAN
GENERAL FIRE AND CASUALTY COMPANY

CA 90-408                                    819 S.W.2d 308

Court of Appeals of Arkansas
En Banc
Opinion delivered November 27, 1991

*Ian W. Vickery*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *M. Stephen Bingham*, for appellee.

JUDITH ROGERS, Judge. Elsie M. Black and George Black, Sr., have appealed from the Union County Circuit Court's order granting summary judgment to appellee, American General Fire and Casualty Company, and ruling the appellants were not entitled to insurance coverage under their policy with appellee. We find it was not error to grant the summary judgment and affirm.

In December 1987, appellants were injured in an automobile accident. The driver of the other vehicle was uninsured, and appellants made a claim with appellee for coverage under the uninsured motorist provisions of their automobile policy. Appellee denied coverage, contending appellants were not in a "covered auto," as that term is defined in the policy, because the car they

were driving at the time of the accident was owned by the appellants but was not disclosed to the insurance company and listed for coverage.

Appellants filed suit, seeking coverage under their insurance policy and contending that they did not own the 1974 Toyota pickup. Appellee moved for summary judgment, alleging appellants had owned the vehicle in question for several months but had never notified appellee and, therefore, it was not a covered automobile under the policy.

The statements contained in the deposition of Elsie Black as well as affidavits filed on behalf of appellants indicate that, although appellants stated that they considered the car as being owned by their sons, they were in possession of it at the time the policy in question was obtained; that they purchased it from a relative for $600.00 and received title which was signed in blank almost twenty months prior to the accident; that it needed brake work but the motor was in good shape; that appellant Elsie Black intended to register the car but never did; that the vehicle sat on their property and was not used often except when their sons drove it to the woods to hunt and when George Black, Sr., drove it to the garden and the lake; that it was inoperable some of the time but was repaired a few days before the accident because the automobile which was listed on their insurance policy had broken down; that they drove it on the day of the accident because it was necessary to take Mr. Black to receive his daily medical treatment at a nearby town; that Elsie Black put her license plate on the car the day of the accident; and that they had not mentioned the vehicle to the insurance company because they did not consider themselves to be the owners. We note that another reason given by Elsie Black for not mentioning the vehicle was that she and her husband did not want to register it and be subject to additional taxes and insurance costs.

The Toyota had once belonged to Mr. and Mrs. Emmett Lum, who were related to the Blacks. Emmett Lum died in 1979. The record is silent as to whether title was transferred to Emmett's son Jack Lum through probate proceedings or in another manner, but a certificate of title introduced into evidence reflects that, in 1984, Jack Lum was the registered owner of the Toyota. Mrs. Black testified that, in 1986, Mrs. Lum indicated

the car was for sale and that she would like to keep it in the family. Mrs. Black stated she purchased it for $600.00 and received title to the car. The certificate of title was signed in blank by Jack Lum on April 8, 1986, and was given to Mrs. Black.

Appellee contended that the appellants did own the vehicle in question at the time they applied for coverage with appellee yet intentionally failed to disclose their ownership and that appellants failed to notify appellee at any time thereafter. Appellee also points out that, in the deposition of appellant Elsie M. Black, she admitted she did not register the vehicle but merely held onto the certificate of title, which was signed in blank, because she could not afford taxes and insurance on two vehicles. The circuit judge found that the 1974 pickup was owned by the appellants; that appellants had failed to so notify appellee; and that the vehicle was not a "covered auto" under the terms of the policy. The trial judge, therefore, ruled that the appellants were not entitled to coverage, and granted appellee's motion for summary judgment.

Rule 56(e) of the Arkansas Rules of Civil Procedure provides that, when a motion for summary judgment is made and supported by affidavits and other documents, the adverse party may not rest upon mere allegations or denials of the pleadings but his response, by affidavits or as otherwise provided in the rule, must set forth specific facts showing there is a genuine issue for trial. *Lubin* v. *Crittenden Hospital Ass'n*, 295 Ark. 429, 432, 748 S.W.2d 663, 665 (1988); *Mathews* v. *Garner*, 25 Ark. App. 27, 31, 751 S.W.2d 359, 361 (1988). Appellants wholly failed to satisfy this burden. Appellants do not dispute the evidence offered by appellee, that the appellants had purchased the car and received title twenty months before and that they had not registered it because they could not afford insurance and taxes on two vehicles. In response, appellants merely state their position that they did not own the car in question. Based on the pleadings, deposition, and affidavits which were presented to the trial court, we believe the court could conclude as a matter of law that the appellants owned the vehicle. *Hinkle* v. *Perry*, 296 Ark. 114, 118-19, 752 S.W.2d 267, 268-69 (1988). In *Hinkle*, the supreme court affirmed the granting of summary judgment on facts similar to the case at bar. The court determined that the appellant there owned the vehicle based on facts showing that he purchased the

vehicle, it was titled in the name of his business, and he was in possession of the certificate of title. The court noted that possession of personal property is *prima facie* evidence of ownership, which would, however, yield to actual title. The court concluded that he had possession and title and that Hinkle had not shown sufficient evidence to overcome the *prima facie* showing of ownership made by appellee.

■■ Once the moving party makes a *prima facie* showing of entitlement to summary judgment, however, the party opposing summary judgment must meet proof with proof by showing a genuine issue of material fact. *Neel* v. *Citizens First State Bank*, 28 Ark. App. 116, 119-20, 771 S.W.2d 303, 305 (1989). Appellants wholly failed to satisfy this burden, and we therefore find summary judgment appropriately granted.

Affirmed.

MAYFIELD and COOPER, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I do not agree that summary judgment should have been granted in this case. The appellants owned a 1977 Honda Civic which was insured by a policy issued by the appellee insurance company. That policy provided uninsured motorist coverage for damage to appellant Elsie M. Black and "any family member" if caused by an uninsured vehicle. There was an exclusion, however, for bodily injury to Elsie Black or "any family member" while occupying a motor vehicle which was not insured under the policy. To be a "family member" under the "definitions" section of the policy a relative had to be a resident of the insureds' household, and the policy stated that a "covered auto" meant any vehicle shown in the "Declarations" (which was the 1977 Honda Civic). The "definitions" also stated that any other private passenger auto, or a "pickup or van" would be covered on the date the insured became the owner of that vehicle if it was acquired during the policy period and the insured asked the company to insure it "within 30 days after you become the owner." However, the policy also provided that if the acquired vehicle "*replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced.*" (Emphasis added).

The appellants, Elsie Black and her husband were injured in

an accident with an uninsured vehicle while the appellants were occupying a 1974 Toyota pickup. The insurance company denied coverage on the contention that the pickup had been owned by Elsie Black for more than 30 days without the insurance company being asked to insure it. The appellants deny that contention and they contend that the pickup had replaced their 1977 Honda Civic.

Mrs. Black's deposition was taken and filed for record, interrogatories were served and answered, and two affidavits were filed by the appellants. No affidavit was filed by the insurance company.

The affidavits and deposition show that the pickup had been owned by Mr. and Mrs. Emmett Lum who were related to the appellants. After Mr. Lum died, the appellants gave Mrs. Lum $600.00 for the pickup. Although they had the vehicle about 20 months prior to the accident, it had not been registered in their names. The vehicle sat on their property and was rarely used except when their sons (who did not live with appellants) drove it in the woods to hunt. It was inoperable most of the time but was repaired a few days before the accident because appellants' 1977 Honda Civic had broken down. Appellants drove the pickup on the day of the accident to take Mr. Black to receive his daily medical treatment at a nearby town. They had not mentioned the vehicle to the insurance company because they had not been using the vehicle and because they did not consider that they owned it. They gave Mrs. Lum the $600.00 just to keep the pickup in the family and so their sons would have a vehicle to work on and drive in the woods. No one drove it on the highway. Mrs. Black's affidavit states that if either of her sons had wanted the pickup, he could have taken it and registered it in his own name.

The certificate of title to the pickup was signed in blank by Jack Lum in April 1986. Jack was Emmett Lum's son and the record does not show how Jack got title to the pickup, however, the title was never transferred to the appellants. In *Rook* v. *Mosley*, 236 Ark. 290, 365 S.W.2d 718 (1963), the appellant Rook denied ownership of a vehicle which was involved in an accident. The court pointed out that it was not claimed that Rook had properly endorsed the title certificate to the vehicle; but the court said:

Of course, if he had made a *bona fide* sale to Livingston before the traffic mishap such could have avoided his liability. . . . but the question of a *bona fide* sale to Livingston was the question in dispute; and we think a case was made for the jury as to ownership of the car at the time of the traffic mishap.

236 Ark. at 292. And in *Stipp* v. *Jenkins*, 239 Ark. 15, 386 S.W.2d 695 (1965), the court stated:

Appellee and his wife in their testimony referred to the damaged car as their son's car, however they both testified that title was in appellee's name and appellee testified that he had bought and paid for the car. With such uncontroverted testimony, ownership of the car properly became a question for determination by the trier of fact.

239 Ark. at 17.

It is well settled that summary judgment should be granted only when a review of the pleadings, depositions, and other filings reveals that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Cummings, Inc.* v. *Beardsley*, 271 Ark. 596, 598, 609 S.W.2d 66, 68 (1980); Ark. R. Civ. P. 56. The object of the procedure for summary judgment is not to determine an issue, but to determine whether there is an issue to be tried. *Ashley* v. *Eisele*, 247 Ark. 281, 293, 445 S.W.2d 76, 82 (1969). In *Talley* v. *MFA Mutual Insurance Company*, 273 Ark. 269, 620 S.W.2d 260 (1981), the court said that summary judgment is an extreme remedy and proof submitted with the motion for such judgment "must be viewed in the light most favorable to the party resisting the motion with all doubts and inferences being resolved against the moving party." 273 Ark. at 271.

In the present case there was no failure by appellants to meet proof with proof as stated in the majority opinion. Nor was there a *prima facie* showing of entitlement to summary judgment made by the appellee. The burden was on the *appellee* to show that there was no genuine issue of fact for trial. It was not the appellants' burden, as stated in the majority opinion, to show that there was a genuine issue of fact. Given the policy provisions about coverage, the record in this case shows, in my judgment, a

genuine issue of fact with regard to whether the pickup truck was owned by the appellants for more than 30 days before the accident and even if it was, I think there is a genuine issue of fact as to whether the pickup replaced the 1977 Honda Civic on the day before the accident as Mrs. Elsie Black stated in her affidavit. I believe that this sworn statement is, by itself, enough to make summary judgment improper in this case.

For the reasons stated above, I dissent from the decision to affirm the summary judgment granted in this case.

COOPER, J., joins in this dissent.